## JAMES B. NORRIS *vs.* HARTSON HALL.

In a suit by an assignee of a chose in action, in his own name, on an express promise of the debtor to pay the same to him, it is not necessary for the assignee to exhibit proof that the assignment was made for a valuable consideration.

And if such proof had been necessary, the deed of assignment, acknowledging the receipt of a consideration, was sufficient for that purpose.

A judgment against a trustee, although not satisfied, is a protection against a suit by his principal; but such protection cannot extend beyond the amount due upon the judgment.

After the judgment against the debtor and his trustee, if the principal pay to the judgment creditor a part of the amount, and thus relieve the trustee from his liability to that extent, and then bring a suit and obtain a verdict against his debtor, the trustee, for the amount thus paid; although there may be some difficulty in permitting the debtor to make a partial payment, and divide one debt into several parts, and thus bring several suits; yet as the trustee might have avoided such result by payment of the amount due from him, as soon as charged, the Court will not set aside the verdict, if the plaintiff will release any further claim upon the trustee.

Although the debt for which the trustee is charged is one bearing interest, he will not be held accountable for interest after he was summoned as trustee, when there is nothing to rebut the legal presumption that he was ready to pay, and was holding the money unemployed to await the decision; but where the facts rebut such presumption, he is chargeable with interest.

If the trustee lives within the county where the suit is brought, and does not appear in Court and submit himself to an examination, but makes oath to his answer before a justice of the peace out of court, and was not about to leave the State, and did not obtain the written consent of the plaintiff; he is not entitled to costs under the *st.* 1821, *c.* 61, and of 1830, *c.* 469.

Where one summoned as trustee, appears and submits himself to examination at the first term, and is adjudged to be trustee, he cannot deduct his costs from the goods, effects or credits in his hands, under the provisions of the *st.* of 1828, *c.* 382, unless his costs are taxed and allowed in Court.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

The facts in this case sufficiently appear in the opinion of the Court. After the evidence was fully out, the counsel for the defendant contended, that he was entitled to retain from the goods, effects and credits in his hands the sum of eighteen dollars, as his costs. The Judge ruled, that he was entitled to retain, as costs, only $4,47. The Judge also ruled, that the defendant was en-

titled to retain so much of the two accounts sued as would be suf-
ficient to pay the costs to which he was legally entitled as trustee,
and also the amount due from *James B. Norris* on the judgments
in which the defendant had been charged as trustee with interest
thereon; and that the residue of the amount due on the two ac-
counts might be recovered in this action.

The counsel for the defendant also contended as matter of law,
that the plaintiff ought not to be allowed any interest by way of
damages on sums claimed and proved to be due from the defendant
during the time of the pendency of the trustee processes, or since he
was adjudged trustee, and requested the Judge so to instruct the
jury. The Judge instructed the jury to compute interest by way of
damages on the whole amount proved to be due from the defend-
ant from the time of the demand and promise proved to the present
time.

The counsel for the defendant also contended, that inasmuch as
there was no proof of any valuable or adequate consideration paid
or allowed by said *James B. Norris* to said *Thomas J. Norris* for
the alleged assignment, that the plaintiff had shown no title to the
demand assigned. The Judge ruled, that the plaintiff could and
ought to recover his damages without proof of such consideration,
although the assignment aforesaid under seal may perhaps be pre-
sumptive evidence of the consideration therein expressed.

The counsel for the defendant also contended, that he was enti-
tled, under the facts proved and stated, to a verdict in his favour,
and that the plaintiff in this present action ought not to recover any
balance caused by means of the sums paid by him towards the
judgment to the judgment creditor. The Judge ruled, that such
payments made and proved operated as a discharge *pro tanto* of
the goods, effects and credits attached by the trustee processes, and
that any balance caused by such payments might be and ought to
be recovered of the defendant.

The verdict was for the plaintiff, and the defendant filed excep-
tions.

*Clark*, for the defendant, argued in support of the several points
made at the trial in the District Court, and cited *Stat.* 1828, *c.*
382; *Stat.* 1821, *c.* 61; *Chapman* v. *Phillips*, 8 *Pick.* 25;
*Wells* v. *Banister*, 4 *Mass. R.* 514; *Stat.* 1834, *c.* 95; *Foster*

v. *Jones*, 15 *Mass. R.* 185; *Field* v. *How*, 5 *Mass. R.* 390; *White* v. *Garland*, 7 *Mass. R.* 453; *Thomas* v. *Sever*, 12 *Mass. R.* 379; *Ford* v. *Wright*, 7 *N. H. Rep.* 586; *Perkins* v. *Parker*, 1 *Mass. R.* 117; *Dunning* v. *Sayward*, 1 *Greenl.* 366; *Mills* v. *Wyman*, 3 *Pick.* 207; *Chitty on Pl.* 462; *Winthrop* v. *Carleton*, 8 *Mass. R.* 456; *Wise* v. *Hilton*, 4 *Greenl.* 435; *Matthews* v. *Houghton*, 2 *Fairf.* 377; *Adams* v. *Rowe*, *ib.* 89; *Meriam* v. *Rundlet*, 13 *Pick.* 511; *Stevens* v. *Gaylord*, 11 *Mass. R.* 256.

*Wells* argued for the plaintiff: —

That the consideration for the promise was good. *Crocker* v. *Whitney*, 10 *Mass. R.* 316; *Mowry* v. *Todd*, 12 *Mass. R.* 281.

If any costs are to be allowed, the Judge allowed the full amount to which the defendant was entitled. But he was not entitled to any costs. The disclosure before the justice was a mere nullity, as he had never appeared in court. *Stat.* 1830, *c.* 182.

If the trustee uses the fund, he ought to pay interest. He was not charged with any interest on the amount for which he was liable. He declined to pay, when he was charged as trustee, and he ought to be held to pay interest. *Prescott* v. *Parker*, 4 *Mass. R.* 170.

The verdict was right, being only for the balance, leaving in his hands enough to pay the full amount for which he was liable. If complaint is to be made, we are the party to make it, as we may be compelled still to pay the rest of the judgment. *St.* 1834, *c.* 95.

The opinion of the Court was drawn up by

SHEPLEY J. — It appears that the defendant was indebted to the plaintiff before the month of *June*, 1835, for goods sold and delivered. And that he was also indebted to *Thomas J. Norris* for goods sold and delivered; and that this claim with others had been assigned by deed to the plaintiff. The defendant in *June*, 1835, promised to pay both these debts to the plaintiff. Having neglected to do so, the plaintiff commenced this suit, on the 20th *July*, 1836, to recover them. The defendant objected to his right to recover the debt originally due to *T. J. Norris*, because he had not exhibited proof, that the assignment of it was made for a val-

uable consideration. The creditors of *T. J. Norris* might have interposed to prevent a recovery by the plaintiff without proof that the assignment was made for a valuable consideration, but it was of no importance to the defendant. It was sufficient for him that the plaintiff was authorized to receive it. The defendant, if he could have availed himself of such an objection, had waived it by his express promise to the plaintiff. And if such proof had been necessary, the deed itself was sufficient.

During the pendency of this suit the defendant had been summoned as the trustee of the plaintiff in three other suits. In two of them he disclosed and was adjudged trustee, and in the other he was discharged by a discontinuance of the suit as to the trustee. Executions issued and a demand was made upon him as trustee for payment and he neglected to pay. The first judgment against him as trustee was satisfied by a joint promisor with the plaintiff. The second remained unsatisfied to the time of this trial, when forty dollars were paid upon it, and it being thus reduced, there would remain a balance due to the plaintiff after the defendant should pay the amount still due upon it.

It was decided in *Matthews* v. *Houghton, 2 Fairf.* 377, that a judgment against a trustee was a protection against a suit by his principal although not satisfied. But such protection cannot extend beyond the amount due upon the judgment. And the Judge in this case was obliged to act upon the evidence introduced, and that proved the judgment to be partly satisfied. Whether the holder of that judgment was obliged to receive a partial payment, it is unnecessary here to determine. The judgment was admitted by the court to be a protection for the amount remaining due upon it. There is a difficulty however in allowing the principal to pay a part of his debt, relieve the trustee from his liability as to that part, and then bring a suit for it, and thus continue to divide one debt into several parts and bring several suits. The defendant might in this case have avoided such a result by an immediate payment of the amount due from him, and this it was his duty to have done after he was adjudged trustee. The plaintiff has offered to release any further claim against the defendant, and if that be done the objection to a multiplication of suits will be avoided, and there will be no just cause for setting aside this verdict on that account.

Another objection interposed relates to the amount of interest with which the defendant was charged. When he was summoned as trustee he was legally chargeable with an accruing interest. The conclusion must be, that if he had the money then unemployed he would before that time have satisfied these undisputed demands. And the fact that he did not pay it over, when it was demanded after he had been adjudged trustee, shews, that he could not have procured it and held it unemployed during the pendency of the trustee suits. The party in such cases is not chargeable with interest, when there is nothing to rebut the legal presumption that he is ready to pay and is holding the money unemployed to await the decision of the law. The facts in this case sufficiently rebut such a presumption, and prove the defendant to have been in fault whenever a call for payment was made upon him ; and he was properly charged with interest on the amount due.

Another objection is, that he was not allowed to retain his legal costs. The residence of the trustee was in the county where the suit was brought. He might by the provisions of the statute *c.* 61, § 6, appear in court and there submit himself to examination and after having done so he might make oath to the truth of his answers before a judge or justice of the peace out of court. One summoned as a trustee, who is about to leave the state may, by the provisions of the statute, *c.* 469, upon notice given, make his disclosure before a magistrate out of court. And any trustee may do so by the written consent of the plaintiff in the action. There is a reference in the bill of exceptions to the records and dockets, and from them it does not appear, that the trustee ever appeared in court. In his disclosure there is a statement, that he came into court, but it is contained in the formal statement of his coming and submitting himself to examination, and may as well be made in a disclosure before a magistrate as in one taken in court.

There is another difficulty deserving consideration. There were no costs taxed for the trustee. By the provisions of the statute 1828, *c.* 382, one who appears at the first term and discloses, if adjudged trustee, is entitled to costs in the same manner as parties in civil actions, who have an issue joined for trial ; and he may deduct the amount of such costs from the effects in his hands. " Costs" to which parties are entitled in civil actions, is a legal

term implying an amount derived from items to be regularly taxed and allowed to be due to the party by the judgment of the court. And it appears from that provision of the statute creating a lien on specific articles in the hands of the trustee for his costs, that the legislature had reference to costs thus legally taxed and adjudged to be due ; for it provides that the officer selling the property shall pay his costs according to the certificate of the clerk on the margin of the execution. This case therefore affords no satisfactory evidence that the trustee was legally entitled to costs ; for it does not appear that he came into court and there submitted himself to examination at the first term, or if he did, that any costs were allowed and taxed for him by the judgment of the court.

*Exceptions overruled upon the plaintiff's filing a release of further claim for the sums sued for.*