WHITTAKER v. THE COUNTY OF JOHNSON.

1. REQUISITES OF A SUBMISSION. A submission to a vote of the people of a county whether the bonds of the county shall be issued in payment of a subscription to the capital stock of a railroad company, need not name the rate of interest to be paid on said bonds, nor the time for the payment of such interest, if the rate of tax proposed and the whole amount to be paid is stated. Neither is it necessary to state at what time the proposition, if carried, will take effect.

2. EVIDENCE. In an action against a county on bonds and interest coupons issued to a railroad company, parol evidence of the statements of directors of the company, while in session and transacting business in regard to the bonds, is not admissible for the purpose of showing that they were not assigned at the time they purport to have been.

3. SAME. Where the bonds sued on purport to have been assigned to plaintiff by the vice president and secretary of the company by order of the board of directors, it was held that evidence showing that there was no meeting of the board at the time at which it is alleged the bonds were assigned was irrelevant and inadmissible.

4. SAME. Evidence of promises made by parties, representing themselves as agents of the company, that the road would be built, as an inducement to the issuing of bonds, is inadmissible in an action by a *bona fide* purchaser of the bonds against the county for the interest due thereon.

5. SAME. Evidence showing the consideration paid by the holder of the

bonds issued by a county to a railroad company is inadmissible when the title of his assignor is not impeached by the pleadings.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 13.

THIS action was brought to recover the amount of certain coupons, or interest warrants, attached to certain bonds of the county of Johnson, issued upon a subscription of $50,000 to the capital stock of the Lyons Iowa Central Railroad Company. The petition consists of seven counts, each upon a several bond of $1,000, and each sets forth the preliminary proceedings, and the fact of a vote of the county, the subscription, the issuing of the bonds, and their indorsement before any failure of the company to build the road contemplated, which was to run through the county of Johnson. The bonds are payable, with semi-annual interest, in the City of New York.

The answer denies the making and issuance of the bonds, and the authority therefor, their indorsement, a id the property of the plaintiff, and avers that they were obtained by fraud of which the plaintiff, had notice; and that they were issued in consideration of the undertaking to build the road, and that the consideration had failed; and that the plaintiff paid no value for them, and so is not a *bona fide* holder.

There was a replication taking issue, a trial, and judgment for the plaintiff, and the defendant appeals. The questions presented, and the facts connected with them, are shown in the opinion of the court.

*Templin & Fairall* for the appellant.

*James Grant* for the appellee, relied upon *Clapp* v. *Cedar County*, 5 Iowa 15; *Ring* v. *The County of Johnson*, 5 Iowa 265, and the cases there cited.

WOODWARD, J.—Upon the trial the plaintiff, to prove his case, offered in evidence a copy of the entries in the minute

book of the County Court in relation to the proceedings authorizing the county judge to make the subscription, and to issue the bonds. He also offered the bonds and coupons, sued upon, in evidence. The defendant objected to the admission of these, but the objection was overruled, and he excepted, and this forms the subject of the first and second assignment of errors.

The objection that the copy of the proceedings was not duly authenticated, does not appear to have been made on the trial, and the language of the bill of exception is inconsistent with the idea that this was the ground taken. But the objection taken appears to have been to the sufficiency of the proceedings, as shown by the copy, to authorize the issuance of the bonds. The exception taken is, that the proposition submitted did not call for interest at seven per cent, and payable semi-annually. It did contain the question whether the bonds should draw interest, though no rate was named. The rate of tax is proposed, with the whole sum to be paid. It was not necessary that the rate of interest and the precise time of its payment, should be named. This is matter of contract, and in a proposition of this nature the minute details of the contract need not be set forth, as they can not well be. All the substantial parts of the transaction, are contained in the proposition.

The provision that "the time of its taking effect" shall be stated, has relation to those local regulations which are to govern the action of the citizen. Each particular of the statute is not necessarily applicable to every kind of proposition, but they are to be applied according to their nature. This proposition does not require the naming a specific time for its taking effect. The vote takes effect at once, and it is to be carried into effect at a convenient, practicable time.

We do not perceive any force in the objection that no special election was called, nor in the misapplication of the statute as it relates to business requiring notice. Is not the calling an election and the submission of a proposition to be vo-

ted upon, a notice to every intent and purpose, and are not the people heard?

The third, fourth, fifth and sixth assignments are, in substance, that the court did not permit the defendant to prove that at a meeting of the directors of the company, in February 1854, it was stated by one of them that the bonds were still in the hands of the company; nor to prove the "official" statements of the directors about the bonds not being assigned at the time they purport to have been; nor to prove the declarations or acts of the directors, while in session and transacting business about these bonds with Lee, the judge of Johnson county; nor that there was no meeting of the directors at the time the bonds purport to have been assigned; all which matters the defendant proposed to prove by the witness Lee, or by one Gower. The bonds purport to have been assigned by order of the board of directors, under the hand of W. G. Haun as vice president, and countersigned by J. B. Coy as secretary.

In the offer of this testimony the defendant proposed to prove by parol, matters which could appear only by the record of the board; to prove the declarations of individual directors when those declarations had not become the act or declaration of the body; to prove the declarations of those who may be called third persons; to prove irrelevant facts, as that there was no meeting of the board at the time the bonds purport to have been assigned, when the authority may have been conferred generally, or at a prior time; to prove declarations to bind the plaintiff, when he was not present; and finally he did not attempt to bring home to the plaintiff a knowledge of any of the matters offered in evidence. ·The court did not err in rejecting, or in ruling out, the evidence introduced or offered by the defendant.

But the testimony offered bearing upon the pleas offered, and want, or failure of consideration, requires a further remark. The defendant offered to prove the declarations of certain persons said to be agents of the company, or connected with it, or forming part of it, with the purpose of proving an assurance

that the road should, or would, be built.   If the plaintiff stood in a position to be affected by matters of this nature, it would become a' question whether these persons, (the Adamses and Haun,) were agents of the company, and authorized to make such assurances in such a sense as to make their fulfilment a condition, or binding on the company.   Without this, and without the proper evidence of their authority, these representations would be but the words of individuals and not of the body.   They might induce confidence, but they were not part of a contract; they could not constitute a contract so as to enable the subscriber to plead a want or failure of consideration.   But we do not enter upon a consideration of these questions because no knowledge of these or of similar circumstances is brought home to the plaintiff.   There is no attempt to show that he had cognizance of such matters.

But the defendant seeks to affect the plaintiff with these things in another manner.   He called the plaintiff as a witness, and the latter testified that the bonds whose coupons were now sued upon were a portion of certain bonds which had been assigned to one Paul B. Ring, and on which he had sued, and recovered judgment against the said county of Johnson. (See the case, 6 Iowa 266.)   The defendant then asked the witness what consideration he paid for the bonds, if any, and how much.   The witness stated his readiness to answer if the court held it a proper question, but, upon objection by counsel, it was ruled out, and to this defendant excepted.

Assuming that the facts proved by the defendant were sufficient as regards their nature, still the defendant fell short of his object, for the reason that he has neither averred nor shown any facts in respect to Ring (the plaintiff's assignor) which would weaken the title of the plaintiff derived through him.   It is immaterial upon what terms Whittaker obtained the bonds from Ring, unless the defendant can weaken the title or the position of the latter.   For this reason the court did not err in ruling that the question need not be answered. And for these same reasons there was no error in ruling the testimony out from the jury.   It should, perhaps, have gone to

them for its worth, if the defendant had brought the plaintiff into a position to be affected by it.

The judgment of the District Court is affirmed.