Filed Nov. 25, 1890.

————◆————

No. 13,414.

## PUGH, ADMINISTRATOR, v. MILLER.

GRAVEL ROAD.—*Construction of under Act of 1869.—Money Advanced.—Collection of Assessments under Act of 1877.—Conversion of by President.—Right of Action of Lender.*—A gravel road company was incorporated under the act of May 14th, 1869. Lands were assessed for the construction of the road and the assessments placed on the tax duplicate for collection prior to 1875. S. and M., in anticipation of the collection of the assessments, agreed with the directors of said company to advance to it, and did advance to it, certain sums of money to be expended in the construction of said road, and which were so expended. In 1875 the Legislature repealed said act of 1869 without any saving clause so far as it authorized the levying and collection of said assessments, but in 1877 the act of 1869 was revived as to such assessments placed on the tax duplicate prior to the passage of the act of 1875, in cases where the directors of such companies had incurred liability on account of such assessments in the construction of the road.

*Held,* that the president of the gravel road company, who collected said assessments in accordance with the provisions of the act of 1877, held

said fund as a trustee for the creditors who had advanced the money to construct the road on the faith of said assessments, and any diversion of the fund into other channels was a conversion which rendered him directly liable to the *cestui que trust*.

SAME.—*Statute of Limitations.— When Cause of Action Accrued.*—Until the president of the gravel road company received and converted the fund, or refused to apply it on request, there was no right of action. Even if the company, in an action against it by the plaintiff could have successfully invoked the statute of limitations as a defence to the action, such defence was not available to the defendant. The statute, by virtue of which the president of the company collected the assessment, makes no distinction as between debts barred by the statute of limitations and those not barred. All creditors representing claims falling within the provisions of the statute were alike beneficiaries arising from the payment of the assessments.

SAME.—*Company not Necessary Party to Action.*—The gravel road company had no interest in or claim upon the said fund collected by its president, and it was not necessary to make the company a party to an action instituted by the plaintiff for the conversion of said fund by the president to his own use.

SAME.—*Consideration Paid for Indebtedness.—Immateriality of.*—The consideration paid by the plaintiff in purchase of the indebtedness sued upon was wholly immaterial; the holders of the claims might have given them to him had they seen proper, and it would have been no concern of the defendant and no defence to the action.

From the Marion Circuit Court.

*J. S. Tarkington,* for appellant.

*F. Winter,* for appellee.

BERKSHIRE, J.—This proceeding was instituted as a claim filed by the appellee against the appellant.

The appellant challenged the sufficiency of the claim by demurrer, which was overruled by the court, and he had an exception noted.

After his demurrer to the complaint had been overruled the appellant filed an answer, in several paragraphs, most of which were challenged by demurrer, and the court having sustained the demurrers to the second, third, fourth, seventh, and eighth paragraphs of said answer exceptions were noted..

To the several answers to which demurrers were not sustained, except the general denial, the appellee filed a reply.

To the second paragraph of reply, which was addressed to the fifth paragraph of answer, the appellant addressed a demurrer, which was overruled by the court, and he reserved an exception.

The cause being at issue was submitted to a jury for trial, who afterwards returned a verdict for the appellee, and also certain interrogatories which had been submitted to them, together with their answers thereto.

The appellant filed his motion for a new trial, which was overruled by the court, and he excepted, and judgment was rendered upon the verdict, in the usual form.

The appellant assigns several errors: (1) The overruling of the demurrer to the complaint; (2) the sustaining of the demurrers to the several paragraphs of answer; (3) the overruling of the demurrer to the second paragraph of the reply; and (4) the overruling of the motion for a new trial.

The claim, or cause of action, filed is quite lengthy, but it is only necessary to recapitulate the material facts embraced therein.

Some time during the year 1870 the Eagle Creek and Little White Lick Gravel Road Company was incorporated under the act of May 14, 1869, providing for the incorporation of gravel road companies, and the levying of assessments for the construction of gravel roads.

The said corporation was organized for the purpose of constructing a road to be located partly in Marion and partly in Hendricks counties.

After the organization of the company lands were assessed in pursuance of said act, and the assessments placed upon the tax duplicates of said counties for collection.

Thereafter, and in anticipation of the collection of said assessments, Scott Miller and Alpheus F. Smith agreed with the directors of said company to advance to it, to be expended in the construction of said road, the sum of $300,

Miller to furnish $200 and Smith $100. Pursuant to said agreement Smith loaned to the company the sum of $100 and Miller the said sum of $200, and in addition thereto the sum of $331.66, in all the sum of $531.66, all of said sums being expended by the company in the construction of its road.

On the 10th day of September, 1873, the company and said Miller had a settlement, and upon said settlement said sum of $531.66 was found to be due to the appellee.

By an act of the Legislature which came into force on the 13th day of March, 1875, the said act of May 14th, 1869, under which said company was incorporated and said assessments made, was repealed without a saving clause so far as it authorized the levying and collection of assessments, and at the time the said repealing statute was enacted, said sums of money were still due to the said Smith and Miller from said company.

Thereafter, and on the 29th day of July, 1875, Miller and the company had another accounting together, and there was found to be due him the sum of $302.02; and thereafter the said Miller having gone into bankruptcy, the said indebtedness was sold and assigned by his assignee to A. R. White & Co., who sold and assigned the same to the assignee. Thereafter, and on the 2d day of March, 1877, the act of 1869 was revived as to assessments made in favor of gravel road companies and placed on the tax duplicate prior to the passage of the act of March 13th, 1875, in cases where the directors of such companies had on the faith of such assessments incurred liabilities by contract, created obligations for the payment of money for work, labor or materials done and performed or used, or for money advanced or used in the construction of such road, such assessments were declared to be valid and binding, and any and all parts of them declared collectible so far as necessary to liquidate and pay the classes of indebtedness enumerated in said reviving act.

The appellant's intestate was, at the time of the passage

Pugh, Administrator, *v.* Miller.

·of said act of 1877, and continuously until the 25th day of September, 1882, one of the directors and the president of said company.

On the 11th day of August, 1877, he petitioned the auditor of Hendricks county to replace said assessments upon the tax duplicate for collection, as provided in said act of March 2d, 1877, and the said assessments were so placed on the duplicate; that thereafter, and during the summer of 1882, the decedent collected, as the president of said company, the sum of $1,030.23; that at the time of such collection the decedent knew of the indebtedness to the claimant, and to the said Smith, as stated; and that unless the said assessments so collected could be applied in payment of said indebtedness there were no assets of said company with which to pay the same, and were not when said assessments were collected. It is further averred that the indebtedness to the appellee and to said Smith was all of the outstanding indebtedness of said company, incurred in the construction of its road.

A demand of payment and a refusal are averred, and that the decedent paid a debt of $200 due to himself, and one due to one Carter of $160, and expended the remainder, $670.23, in making repairs on the road. It is alleged that Smith assigned his debt to the claimant before he filed this claim; then follows an averment that the indebtedness due to Smith and the claimant is, and was, the only indebtedness ·of said company remaining unpaid incurred in the construction of said road.

We think there can be no question as to the sufficiency of the complaint.

Under the said act of 1877, the money collected on account of the assessments in equity belonged to the creditors, belonging to the classes named in the act. The assessments could be enforced for no other purpose.

Had there been no outstanding indebtedness incurred on account of the construction of the road, not one dollar of the

VOL. 126.—13

assessments could have been legally collected; and if a greater sum was collected than the amount of the outstanding indebtedness falling within the provisions of the statute, such excess was collected without authority of law. And before the auditor was authorized to replace said assessments upon the duplicate the law required that an affidavit be filed with him, showing the existence of liabilities of the character provided in the statute. Sections 2 and 3, act March 2d, 1877, pages 80 and 81, acts regular session.

When the decedent collected the money it became his duty to apply it in the manner directed by the act of the Legislature. The money came into the decedent's hands as a trustee of the creditors, for whose benefit it was collected, and any diversion of the fund into other channels was a conversion which rendered him directly liable to his *cestui que trust.*

After paying his own and Carter's debts, he had ample funds with which to pay the indebtedness involved in this litigation, and knowing, as he did, that it was the only indebtedness outstanding incurred by the company in the construction of its road, it became his duty to pay the same in full.

But it is contended that the claim filed shows upon its face that the cause of action is barred by the statute of limitations. Conceding that the question arises upon the demurrer to the complaint, but which we do not decide, the position assumed is not tenable.

The fund came into the hands of the decedent in the year 1882, and this claim was filed against his estate in November, 1883. Until he received and converted the fund, or refused to apply it on request, there was no right of action; but upon such conversion or refusal a right of action accrued. We know of no provision to be found in our statute upon the subject of the limitation of actions which bars the appellee's right of recovery.

Whether the company in an action brought by the appel-

lee against it could have successfully invoked the statute of limitations as a defence to the action, we do not stop to inquire, for if it could such defence was not available to the appellant.

The statute, by virtue of which the decedent collected the assessments, makes no distinction as between debts barred by the statute of limitations and those not barred. All creditors representing claims falling within the provisions of the statute were alike beneficiaries of the fund arising from the payment of the assessments.

The holder of each claim, in equity, held a lien upon the fund, and when collected and converted by the decedent, he became liable in an action as for money had and received.

Further on in the record some question is made as to whether other parties ought not to be before the court, and that question may as well be determined now as at any other time. From what we have already stated it is evident that other persons had no interest in this controversy.

It was not a matter in which the company had any interest; it had no claim upon the fund.

The controversy is a single one; the questions involved are: Was the company indebted to the appellee? Did the indebtedness fall within the act of 1877? Did the decedent collect money on account of the assessments, as alleged in the claim? and, if so, did he convert the same as therein averred?

The court committed no error in sustaining the demurrers to the several paragraphs of answer.

It was not a material question as to what became of the company's franchises, nor whether it was solvent or insolvent. As we have already indicated, the appellee's right of action does not depend on the solvency or insolvency of the company, but rests upon other grounds. Although the appellee might have some other adequate remedy, he has the remedy which he is pursuing.

The obligations of the company to the public can have no

controlling influence over the rights of the parties in this controversy, for reasons already stated.

The fund could not be taken and used to repair the company's road to the prejudice of the creditors to whom it belonged.

The consideration paid by the appellee in purchase of the indebtedness sued upon was wholly immaterial; the holders of the claims might have given them to him had they seen proper, and it would have been no concern of the appellant, and no defence to this action.

Conceding, for the sake of argument, that the fifth paragraph of the answer was good, the second paragraph of reply was unquestionably good.

When Smith became president of the company he collected $211.40 on account of assessments, $50 of this he paid to one McLelland, who was a creditor to that amount, his debt having been contracted in constructing the company's road; the remainder was applied on the debts due to the appellee; the money thus collected was properly applied.

Smith collected on account of tolls $15, this he applied to the repair of the company's road; this was a proper application of the money thus collected; to have applied it in payment of the appellee's indebtedness would have been a misappropriation thereof.

The instructions were as favorable to the appellant as he could ask.

If there was any error committed by the trial court it was in overruling the demurrers to the fifth and ninth paragraphs of answer.

Our reasoning and conclusion cover substantially all the questions raised by the motion for a new trial.

We find no error in the record.

Judgment affirmed, with costs.

**Filed** Nov. 25, 1890.