27 P. 168 
1 Colo.App. 1
 MARKS v. ANDERSON et al., (MAYNARD, Intervenor.) 
Court of Appeals of Colorado
June 23, 1891

 
 Appeal
 from district court, Chaffee county.
 
 
 [1
 Colo.App. 2] G.K. Hartenstein, for appellant.
 
 
 C.S.
 Libby, for appellees.
 
 
 REED,
 J.
 
 
 The
 records and abstract in this case are both
 "defective." It appears by an allegation in the
 petition of the intervenor that at some time prior to the
 intervention of appellee appellant had obtained a judgment
 against Anderson & Son, but at what time and for what amount
 is not disclosed. An execution appears to have been issued
 and garnishee process served upon Bradbury. On the 3d of
 June, 1887, Bradbury was a contractor on the Midland
 Railroad. Anderson & Son were subcontractors under Bradbury,
 and were indebted to the firm of Wood Bros. in the sum of
 $6,619, and to Maynard & Co. in the sum of $3,000. That on
 that date Wood Bros., by an instrument in writing, assigned
 its claim and indebtedness to Maynard, (appellee.) That such
 claim was not purchased by Maynard, or at least no
 consideration passed, the object of the assignment being to
 transfer the claim, allowing the assignee to collect it, and
 pay it over to the assignor, or a due proportion of what
 should be collected, such payment to be applied ratably upon
 the entire indebtedness in the hands of Maynard, amounting to
 near $10,000. On the same date, Anderson & Son, by an
 instrument in writing, assigned to Maynard all moneys due and
 to become due from Bradbury to them upon the subcontract to
 pay or secure the two claims in the hands of Maynard. It
 appears incidentally that Anderson & Son completed their
 contract, and that upon its completion there was a
 considerable sum of money in the hands of Bradbury, due by
 him for the work of Anderson & Son. What the amount was is
 nowhere shown. It also appears incidentally, in the judgment
 of the court [1 Colo.App. 3] only, that before the
 determination of this case Bradbury had paid a sum of money
 into court to await the result. Whether it was all that was
 owing by Bradbury, or what the amount was, is not shown. The
 case was tried to the court without a jury, the only
 testimony introduced being that of the intervenor. The
 judgment of the court was as follows: "It is ordered
 that the clerk of this court pay over to the said intervenor
 the amount of the deposit in his hands, and it is further
 considered by the court that the said defendants do have and
 recover of and from the said plaintiff all their costs in
 this behalf expended, to be taxed, and have execution
 therefor." The only assignment of error is the
 following: "The court erred in rendering judgment in
 favor of the intervenor, because the testimony was not
 sufficient to entitle him to recover."
 
 
 The
 only question is, "was the evidence sufficient to
 warrant the finding?" No question of fraud or collusion
 was made by the pleadings. It appears to have been conceded
 that the amounts claimed by Wood Bros. and Maynard were due,
 and were just debts. The main contention on the part of the
 appellant is that the assignment of Wood Bros. to Maynard,
 being only for collection,--no consideration having been
 paid,--did not vest the intervenor with a title, so that he
 was entitled to the assigned fund to the exclusion of other
 creditors. It is conceded that, so far as the original claim
 of Maynard was concerned, it was, by virtue of the assignment
 of Anderson & Son, entitled to priority from the fund
 assigned. The important question seems to have been
 overlooked by counsel, or made secondary. If the assignment
 of Anderson & Son of the entire fund for the payment of the
 two claims was legal and proper, there was a disposition by
 the assignors of the entire fund sought to be reached by the
 appellant, and, if that disposition was valid, it is
 unimportant whether the payment of the claim of Wood Bros.
 was direct or [1 Colo.App. 4] through the agency of the
 intervenor, whether there was a consideration paid by Maynard
 or not. In other words, if the fund in the hands of Bradbury
 had been properly and wholly disposed of, and nothing
 undisposed of remained with him, there was an end of the
 process of garnishment; and the arrangement between Wood
 Bros. and Maynard, in regard to the distribution of the fund,
 was one in which appellant had no concern, and the same may
 be said in regard to the question of whether a consideration
 passed for a transfer of the claim of Wood Bros. to Maynard.
 It was a matter resting entirely with them, which in no way
 affected the right of appellant to reach the fund in the
 hands of Bradbury. "The general rule is that the
 garnishee is not chargeable unless the defendant could
 recover of him what the plaintiff seeks to secure by
 garnishment." Wap. Attachm. 202; Drake, Attachm. Â§ 458;
 Sickman v. Abernathy, 14 Colo. 184, 23 P. 447. Numerous cases
 might be cited, if necessary, in support of this rule. There
 is one notable exception to this general rule, where the
 garnishee is in possession of effects of the defendant under
 a fraudulent
 [27 P. 169.] 
 transfer, but the principle is not involved in this case.
 Hence, if the assignment of Anderson & Son was such as to
 divest them of any interest in the fund remaining with
 Bradbury, and there was no money in his hands that Anderson &
 Son could reach by proceedings against him, there was nothing
 appellant could reach by garnishment. The execution of the
 instrument by which the assignment of Anderson & Son was made
 was properly proved, and it was put in evidence. All the
 evidence in regard to it was in support of its regularity; no
 attempt was made to impeach it. The court was warranted in
 finding that the assignors had transferred all their present
 and future interest in the fund, and had no claim they could
 assert against the garnishee; consequently, there was nothing
 appellant could reach by attachment and garnishment. That a
 debtor can prefer one creditor to the exclusion of others,
 where no [1 Colo.App. 5] question of bona fides or fraud is
 raised, is too well settled to need disposition. There being
 nothing in the record to show what the amount of the fund for
 distribution was, and that there was a balance remaining
 after the payment of the two claims, it is to be presumed
 that there was no surplus. The only question presented for
 review by the assignment of error being as to the sufficiency
 of the evidence to support the finding, the judgment is
 affirmed.