## HAMILTON v. DIEFENDERFER.
### (No. 676.)

## HAMILTON v. DIEFENDERFER.
### (No. 677.)

BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—CHATTEL MORTGAGES—SUFFICIENCY OF EVIDENCE TO SHOW PAYMENT AND CANCELLATION—ASSIGNMENT OF MORTGAGE—ADMISSIBILITY AND EFFECT OF DECLARATION OF PAYMENT BY HOLDER OF NOTE AND MORTGAGE PRIOR TO ASSIGNMENT—CONSIDERATION—RIGHT OF JUNIOR LIENOR TO QUESTION CONSIDERATION OF ASSIGNMENT OF SENIOR MORTGAGE—ADMISSIONS—WEIGHT AS EVIDENCE.

1. By statute (Comp. Stat. 1910, Sec. 3182) a promissory note negotiable in form is deemed prima facie to have been issued for a valuable consideration.

2. By his indorsement of a negotiable promissory note the payee and holder thereby impliedly warrants that it is in all respects genuine; that it is the valid instrument it purports to be; that such indorser has lawful title to it; and that it is a valid and subsisting obligation.

3. Where, in an action of replevin brought by the assignee of a chattel mortgage covering the property, there was evidence to the effect that the assignor had stated to the defendant, a subsequent mortgagee, and others a short time before the assignment that the mortgage was paid and she had neglected to cancel it, and it also appeared that at the time of the assignment the assignor had the note in her possession, which was not due or marked paid or otherwise canceled, and that she had indorsed and delivered it to the plaintiff for a valuable consideration, and signed and acknowledged the assignment of the mortgage, which at the time remained on the record uncanceled, *Held*, that such facts were in direct conflict with the statements of the assignor as to the payment of the note and mortgage and the warranties implied by the indorsement of the note, and justified a finding that the defense of payment had not been established by a preponderance of the evidence.

4. It being determined that the negotiable promissory note secured by the senior chattel mortgage had not been paid, and it appearing that whatever admissions were made by the assignor as to payment were made after the defendant had taken the subsequent mortgage and extended the credit secured thereby, the rights of the defendant under his subsequent mortgage were not affected, and he was not placed

in any worse position by the assignment of the senior mortgage, but the latter remained a prior and superior lien and enforceable while it remained in the hands of the mortgagee named therein, and was thereafter equally valid and enforceable by the assignee; and it was, therefore, immaterial whether or not the assignee was a bona fide purchaser.

ON PETITION FOR REHEARING.

5. Where, in an action by the assignee of a chattel mortgage against a subsequent mortgagee to recover possession of the mortgaged property, evidence was admitted to the effect that the assignor had stated prior to the assignment and the indorsement of the note secured by the mortgage, that the note and mortgage were paid, *Held,* that, conceding the admissibility of such statements, they were not conclusive in favor of the subsequent mortgagee, whose mortgage was taken long prior to the making of the statements, and who had not acted upon them.

6. The only evidence to sustain the defense in such action that the note and mortgage under which the plaintiff claimed had been paid consisted of admissions of payment by the assignor, while all the other facts in the case tended to show non-payment. *Held,* that the trial court was not only as well able as the appellate court to determine the weight to be given to the alleged statements of the assignor, but in a better position to do so.

7. The weight to be given to admissions of payment by the assignor of a chattel or contract is to be determined by the jury, or by the court where the case is tried without a jury, and though they may amount to satisfactory proof, even when verbally made, they are to be weighed with caution when unaccompanied by other facts or evidence.

8. Though the price of a thing sold or assigned may be inadequate, and that fact may be considered in determining the question of good faith, it may nevertheless be a valuable consideration within the meaning of that term, as where money is paid, whether the amount be large or small.

9. Where a senior chattel mortgage was valid and had not been paid, the consideration for an assignment thereof was immaterial, as against the junior mortgagee, and the latter could not impeach such assignment on the ground of the insufficiency of the consideration to constitute the assignee a purchaser for value.

[Decided April 7, 1913.]                    (131 Pac. 37.)
[Rehearing denied July 19, 1913.]           (133 Pac. 1081.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

Each of the actions was replevin brought by Alf Diefenderfer against L. P. Hamilton. From a judgment in favor of the plaintiff in each case the defendant brought error. The material facts are stated in the opinions.

*Metz & Sackett,* for plaintiff in error.

The evidence seems to be undisputed that the indebtedness secured by the mortgage assigned to Diefenderfer had been paid and satisfied prior to the asisgnment, since no evidence was produced to contradict the admissions of John Schmitt, the mortgagor, and Marie Schmitt, the mortgagee, made prior to the assignment. Such admissions were admissible, not only against the party making them, but against subsequent purchasers from such party. (1 Ency. Ev. 510, note 73; Williams v. Judy, 3 Gilm. 282, 44 Am. Dec. 699; Horton v. Smith, 8 Ala. 73.) The burden of proving consideration was upon plaintiff. (Lane v. Starky (Neb.), 18 N. W. 47.) The note and mortgage were executed by husband to wife, and therefore presumed to be fraudulent, it appearing that the husband was insolvent.

It was necessary that Diefenderfer should show a purchase of the note and mortgage in the usual course of business, and that he received the same for a valuable consideration. It was also necessary for him to show that the purchase was made without notice of defendant's claim, or the invalidity of the debt and mortgage. We regard it as clear from the evidence that the assignment was not taken in the usual course of business. Diefenderfer was not a bona fide purchaser. (Tiedeman on Comr. Paper, Secs. 290, 291; Dewitt v. Perkins, 22 Wis. 474; Fuller v. Goodnow, 62 Minn. 163, 64 N. W. 161; Proctor v. Cole, 104 Ind. 373, 3 N. E. 106; Schmueckle v. Waters, 125 Ind. 265, 25 N. E. 281; Hodson v. Glass Co., 156 Ill. 397, 40 N. E. 971; Loftin v. Hill, (N. C.) 42 S. E. 548; Pelletier v. Bank, (La.) 38 So. 132; Hunt v. Sandford, 6 Yerg. (Tenn.) 387; Gould

v. Stevens, 43 Vt. 125; Bank v. Bennett, 8 Ind. App. 679, 36 N. E. 551; Lytle v. Lansing, 147 U. S. 59, 37 L. Ed. 78; Roberts v. Hall, 37 Conn. 205, 9 Am. Rep. 308.) It was not necessary that Diefenderfer should have had notice of any particular equity. A notice of some equity, illegality, defect, or defense is sufficient. (Bank v. Marcy (Ark.), 95 S. W. 145; Hodson v. Glass Co., *supra.*) The burden was upon him to show good faith, since the evidence was conclusive as to the payment of the note and mortgage. (Vette v. Sacker, 114 Mo. App. 363, 89 S. W. 360; Hodson v. Glass Co., *supra;* Loftin v. Hill, *supra.*).

(In support of petition for rehearing.) While commercial paper is presumed to have been given for a valuable consideration, it should not be permitted to prevail against the repeated admissions of payment by the holder. The statements, acts and conduct of Marie Schmitt at the time she indorsed the note and assigned the mortgage to Diefenderfer were competent only for the purpose of showing the circumstances surrounding the transaction on the question of the good faith of Diefenderfer; they were not competent to show title in the assignor or the validity of her claim. (1 Ency. Ev. 357, 383, note 62, 385; Nutter v. O'Donnell, 6 Colo. 253; Lewis v. Adams, 61 Ga. 559; Wilson v. Patrick, 34 Ia. 362; Wescott v. Wescott, 75 Ia. 628, 35 N. W. 649; Royal v. Chandler, 79 Me. 265, 9 Atl. 615; Hunt v. Roylance, 11 Cush. 117; Comm. v. Goodwin, 14 Gray, 55; Blake v. Everett, 1 Ala. 248; Baxter v. Knowles, 12 Ala. 114; Pickering v. Reynolds, 119 Mass. 111; Hayden v. Stone, 121 Mass. 413; Turner v. Belden, 9 Mo. 787; Criddle v. Criddle, 21 Mo. 522; Clark v. Huffaker, 26 Mo. 264; Hurlburt v. Wheeler, 40 N. H. 73; Warring v. Warren, 1 John. 340; McPeake v. Hutchinson, 5 S. & R. 294; Patent v. Goldsborough, 9 S. & R. 47; Galbraith v. Green, 13 S. & R. 85; Crooks v. Bunn, 136 Pa. 368, 20 Atl. 529.) The note and mortgage were not transferred for value. (Alger v. Scott, 54 N. Y. 14; Williams v. Walker, 18 S. C. 577; Nelson v. Searle, 4 M. & M. 795; Tiedeman on Com. Paper,

Sec. 157.) A "good" consideration is not alone sufficient for commercial paper. (Tiedeman, Sec. 159; 9 Cyc. 319.) A promise to do that which the promisor is already bound to do is no consideration. (9 Cyc. 347-351; Havana P. D. Co. v. Ashhurst, 148 Ill. 115, 35 N. E. 873; Beaver v. Fulp, 136 Ind. 595, 36 N. E. 418; Ellison v. Water Co., 12 Cal. 542; Johnson v. Seller, 33 Ala. 265; Merrick v. Giddings, I Mackey, 294; Schuler v. Myton, 48 Kan. 282, 29 Pac. 163; Putnam v. Woodbury, 68 Me. 58; Ecker v. McAllister, 54 Md. 362, 45 Md. 290; Gordon v. Gordon, 56 N. H. 170; Arend v. Smith, 151 N. Y. 502, 45 N. E. 872; Robinson v. Jewett, 116 N. Y. 40, 22 N. E. 224; Vanderbilt v. Schreyer, 91 N. Y. 392; L' Amoreux v. Gould, 7 N. Y. 349, 57 Am. Dec. 524; Alley v. Tuck, 8 App. Div. (N. Y.) 50, 40 N. Y. Supp. 433; Hanks v. Barron, 95 Tenn. 275, 32 S. W. 195; Kenighberger v. Windgate, 31 Tex. 42, 98 Am. Dec. 512; Davenport v. First. Con. Soc. 33 Wis. 387.)

*Enterline & LaFleiche,* for defendant in error.

The indorsement and delivery of the Schmitt note to the plaintiff would have carried with it the mortgage securing it without a formal assignment. (Graham v. Blinn, 3 Wyo. 746.) The defendant was not in a position to complain even if it should be assumed that the mortgage assigned to plaintiff had been executed for the purpose of defrauding his existing creditors. The defendant extended credit after the mortgage in question had been executed and he therefore had constructive notice of such mortgage. (Bump on Fraudulent Conveyances, Sec. 462; Gentry v. Lanneau, 54 S. C. 514, 71 Am. St. 814; Wilson v. Stevens, 129 Ala. 630, 29 So. 678, 87 Am. St. 86; Seed v. Jennings (Or.), 83 Pac. 872; Schreyer v. Scott, 134 U. S. 405, 33 L. Ed. 955; Todd v. Nelson, 109 N. Y. 316, 16 N. E. 360; Cole v. Brown, 114 Mich. 396, 72 N. W. 247; Treblicock v. Big Mo. Min. Co., 9 S. D. 206, 68 N. W. 330; Smith v. Vodges, 92 U. S. 183, 23 L. Ed. 481; Moore v. Page, 111 U. S. 117, 28 L. Ed. 373; Jones v. Clifton, 101 U. S. 225, 25 L. Ed. 908; Hagerman v. Buchanan, 45 N. J. Eq. 292, 14 Am. St. 732.) The

authorities cited by counsel for plaintiff in error upon the
proposition that the plaintiff was not a holder in due course
are not in point, in view of the provisions of Sections 3210,
3214, 3215 and 3217, Comp. Stat. 1910. The meager testi-
mony introduced as to the declarations of Marie Schmitt,
who transferred the note and mortgage, is not sufficient to
establish that the note and mortgage were invalid or had
been paid. A married woman may mortgage, pledge or
transfer her own property for the purpose of securing or
satisfying her husband's debts. (King v. Hansing (Minn.),
93 N. W. 306; Sigel-Campion L. S. Com. Co. v. Haston
(Kan.), 75 Pac. 1028; Fiske v. Osgood (Neb.), 78 N. W.
124; Hallowell v. Daly (N. J.), 56 Atl. 234; Holmes v.
Hull (Neb.), 70 N. W. 241; Just v. Bank (Mich.), 94 N.
W. 200; Goldsmith v. Lewine (Ark.), 68 S. W. 308.)

BEARD, JUSTICE.

The defendant in error, Diefenderfer, commenced these
two actions against the plaintiff in error, Hamilton, to re-
cover the possession of certain personal property, and for
damages for the alleged wrongful taking and detention of
the same. The cases involve the same questions and were
consolidated for the purpose of trial and were tried to the
court without a jury, and in each case the court found that
the plaintiff below was entitled to the possession of the prop-
erty and that he had sustained damages in the sum of ten
dollars and rendered judgment accordingly. From those
judgments the defendant below brings error. The cases have
been submitted together in this court, and one opinion will
cover both cases.

The property in question was owned by one John Schmitt,
who on February 21, 1907, executed a chattel mortgage
thereon to Marie Schmitt, his wife, to secure two notes of
$500 each, one due January 1, 1908, and the other due Janu-
ary 1, 1909. The mortgage was filed in the office of the
County Clerk and duly indexed February 23, 1907. On
December 3, 1908, Marie Schmitt assigned the mortgage to
Diefenderfer, which assignment was duly filed and indexed

on the same day, and at the same time the note due January 1, 1909, was indorsed and delivered by her to Diefenderfer. The consideration as recited in the assignment of the mortgage being one dollar and other valuable considerations. It appears by the evidence that Diefenderfer had, on September 23, 1908, signed a note, as surety for John Schmitt, to the Sheridan National Bank for $690, due ninety days after date; and that at the time the note and mortgage were so transferred to him by Marie Schmitt, he agreed with her to pay the note to the Bank on which he was surety for John Schmitt, and that he did pay it on December 11, 1908, before it was due. John Schmitt had absconded a few days before Diefenderfer procured the note and mortgage from Marie Schmitt, and on the day he procured the same he took possession of the mortgaged property, deeming himself insecure. On July 18, 1908, John Schmitt executed a chattel mortgage on the property to the plaintiff in error, Hamilton, to secure a note of that date for $600, due Nov. 18, 1908, which mortgage was duly filed and indexed and renewed from time to time by affidavits. A few days after Diefenderfer took possession of the property Hamilton took possession of a part of it and Diefenderfer replevied it, and soon afterwards Hamilton took possession of the balance of it; hence the two suits.

It is not claimed that if the mortgage held by Diefenderfer was a valid and subsisting lien upon the property it would not be superior to the lien of the Hamilton mortgage. The defenses to it pleaded in the answer are, that it was given without consideration; that it was given to hinder, delay and defraud the creditors of John Schmitt; that the notes secured by it had been paid; and that Diefenderfer was not a bona fide purchaser. The first two defenses are not seriously contended for by counsel for plaintiff in error. The note was negotiable in form and by our statute is deemed *prima facie* to have been issued for a valuable consideration, (Sec. 3182 Comp. Stat. 1910) and there was no evidence offered to rebut this presumption; and the evidence fell far

short of proving that the mortgage was given for the purpose or with the intent of hindering, delaying or defrauding the creditors of John Schmitt. These matters were referred to briefly in the brief of counsel for plaintiff in error, but were practically abandoned in a supplemental brief filed after oral argument, by agreement of counsel and leave of court, in which they say: "The brief of plaintiff in error filed in the above case was confined to two questions, namely: That the mortgage, while in the hands of Marie Schmitt, was satisfied, paid, and should have been cancelled, and that Diefenderfer was not a bona fide purchaser." In view of that statement of counsel we deem it unnecessary to further discuss the questions previously referred to.

On the question of the payment of the note held by Diefenderfer, while in the hands of Marie Schmitt, the only evidence was that she had stated to Hamilton and others a short time before she assigned the note and mortgage to Diefenderfer, in substance, that it was paid; that she thought it was paid; that there was nothing to it; that Hamilton's mortgage was first; that it was no good; that she had neglected to cancel it; and that she would go to the court house and cancel it as soon as her condition would permit. Each and all of these statements testified to as having been made by Marie Schmitt, were made within two or three weeks before she assigned the note and mortgage to Diefenderfer and long after Hamilton took his mortgage, and there is no evidence that Diefenderfer had any knowledge at or before the time he took the assignment that she had made any such statements. On the other hand it appears that she had the note in her possession, it was not yet due, was not marked paid or otherwise cancelled, she indorsed and delivered it to Diefenderfer for a valuable consideration and signed and acknowledged an assignment of the mortgage which remained uncancelled on the record. By her indorsement of the note she engaged or impliedly warranted that it was in all respects genuine; that it was the valid instrument it purported to be; and that she had lawful title to it (1 Daniel on

Negotiable Instruments (5th Ed.), Sec. 669a) ; and that it was a valid and subsisting obligation. (Idem. Sec. 673; 7 Cyc. 831; and Sec. 3224, Comp. Stat. 1910.) All of these things are in direct conflict with the statements which it is testified she made a short time before as to payment. Assuming, but without deciding, that the statements of Marie Schmitt were competent and admissible evidence of payment, her acts and the circumstances of the transactions are so conflicting with those statements that the court may well have concluded that the defense of payment had not been established by a preponderance of the evidence. The findings of the court are general and we cannot say that they were not based upon that ground, which to our minds was a reasonable conclusion considering all of the evidence and the circumstances surrounding the transaction. If the note was not paid, the lien of the mortgage remained a prior and superior lien to that of the Hamilton mortgage and could have been enforced by Marie Schmitt had it remained in her hands, and was equally valid and enforceable in the hands of her assignee. Hamilton's rights were not affected and he was placed in no worse position by reason of the assignment. The evidence being sufficient to sustain the findings and judgment of the District Court on this branch of the case, and as the judgment must be affirmed for that reason, the other question, namely: whether or not Diefenderfer was a bona fide purchaser, becomes immaterial and will not therefore be considered. The judgment of the District Court in each case is affirmed.                    *Affirmed.*

SCOTT, C. J., and POTTER, J., concur.

### ON PETITION FOR REHEARING.

POTTER, JUSTICE.

A petition for a rehearing has been filed in each of these cases which, as stated in the former opinion, were submitted together, and had been consolidated in the District Court for the purpose of trial.

The only points discussed in the brief in support of the petition for rehearing are those mainly relied upon by the

plaintiff in error at the time the cases were originally submitted, viz.: that the mortgage assigned to Diefenderfer had been paid, and should have been cancelled, while it remained in the hands of the assignor, Marie Schmitt, and that the assignment was without consideration. It is argued at some length that the statements made by Mrs. Schmitt to Hamilton and others before she assigned the mortgage, to the effect that it was paid, or she thought it was paid, and that she had intended to cancel it but had neglected to do so, were admissible in evidence, and a number of authorities are cited upon that proposition. The statements were admitted in evidence and, without deciding the question, it was assumed in the former opinion that the statements were admissible, notwithstanding that the note was indorsed and the mortgage securing it assigned to Diefenderfer before maturity, it being found unnecessary to determine whether or not the assignee was a bona fide holder. But counsel erroneously assumes that the statements so made were conclusive in favor of Hamilton and against Diefenderfer. They might have been conclusive in favor of one who had acted upon them, if the assignee was not a bona fide holder for value under circumstances protecting him against such admissions. Not having been acted upon by Hamilton, whose mortgage was taken long prior to the making of the statements, it would have been competent to prove the untruth of the statements, and to prove by Mrs. Schmitt that although she made the statements they were untrue in fact. The principle is stated in Greenleaf on Evidence:

"These admissions by third persons, as they derive their value and legal force from the relation of the party making them to the property in question, and are taken as parts of the res gestae, may be proved by any competent witness who heard them, without calling the party by whom they were made. The question is, whether he made the admission, and not merely, whether the fact is as he admitted it to be. Its truth, where the admission is not conclusive (and it seldom is so) may be controverted by other testimony; even by call-

ing the party himself, when competent." (Redfield's Ed., Vol. 1, Sec. 191.) "Admissions, whether of law or of fact, which have been acted upon by others, are conclusive against the party making them, in all cases between him and the person whose conduct he has thus influenced." (Id., Sec. 207.) "On the other hand, verbal admissions which have not been acted upon, and which the party may controvert, without any breach of good faith or evasion of public justice, though admissible in evidence, are not held conclusive against him." (Id., Sec. 209. See also Bigelow on Estoppel, p. 480 *et seq.*) It is said in Encyclopedia of Evidence (Vol. 1, 612-613) to be the general rule that admissions are not conclusive, but may be disproved by other evidence, the exceptions being judicial admissions and those which were intended to be and have been so acted upon as to give rise to the doctrine of estoppel.

The weight to be given to such admissions is to be determined by the jury, or by the court where the case is tried without a jury. (1 Ency. Ev. 612; 1 Ency. Law, (2nd Ed.) 724.) Though verbally made, they may amount to satisfactory proof, but when unaccompanied by other facts or evidence are to be weighed with caution. (1 Ency. Ev. 611; 1 Ency. Law, 723.) The only evidence that the note and mortgage had been paid consisted of testimony showing the admissions aforesaid of Mrs. Schmitt. That testimony was not corroborated by any other fact in the case. On the contrary, all the other facts tended to show non-payment. The trial court was as well able as this court would be to determine the weight to be given to the alleged statements of Mrs. Schmitt, if not, indeed, in a better position to do so. Counsel complains of the statement in the opinion that the mortgage was assigned for a valuable consideration. That remark had reference only to the acts of Mrs. Schmitt seemingly in conflict with her alleged statements. The assignment executed by her recited that it was made in consideration of one dollar in hand paid "and other valuable considerations;" and it was shown that she was actually

paid the sum of money stated at the time of executing the assignment. Nothing was said in the opinion concerning the adequacy or sufficiency of the consideration to constitute the assignee a bona fide holder, but the court refrained, as stated in the opinion, from deciding that question, deeming it unnecessary, for the reason that Hamilton was not in a position permitting him to question the consideration. Though the price be inadequate, and that fact may be considered in determining the question of good faith, it may nevertheless be a valuable consideration within the legal meaning of that term, as where money is paid, whether the amount be large or small.

Having concluded that the evidence was sufficient to sustain a finding that the mortgage and the note which it secured had not been paid, the consideration for the assignment became immaterial in this case, for it did not concern Hamilton, the junior mortgagee, whether there was any consideration for the assignment of the senior mortgage. (1 Jones on Mort., Sec. 788; Jones on Chat. Mort., 5th Ed., Sec. 502; 2 Ency. Law, 2nd Ed., 1073, 1075; 20 Id. 920-921; 4 Cyc., 31-32; 7 Cyc., 58; 27 Cyc., 1284; Beach v. Derby, 19 Ill. 617; Briscoe v. Eckley, 35 Mich. 112; Whittaker v. Johnson County, 10 Ia. 161; Norris v. Hall, 18 Me. 332; Pugh v. Miller, 126 Ind. 189, 25 N. E. 1040; Sammis v. Wightman, 31 Fla. 10, 12 So. 526; Deach v. Perry, 53 Hun, 638, 6 N. Y. Supp. 940; Anderson v. Maynard, 1 Colo. App. 1, 27 Pac. 168; Rue v. Scott, (N. J.) 21 Atl. 1048.)

In Beach v. Derby, *supra,* the court say, concerning the assignment of a chattel mortgage: "Nor do we think the court erred in ruling out the evidence offered, tending to show that Derby paid no consideration to Graves for the assignment of the mortgage. That was no business of the creditors of the mortgagor." In 27 Cyc., page 1284, it is said: "But the consideration of the transfer is in general no concern of the mortgagor, and he cannot be permitted to impeach it, nor can a junior mortgagee do so." In Jones

on Mortgages (Vol. 1, Sec. 788) it is said: "Whether the assignee of a mortgage has paid value for it or not does not concern the mortgagor, except in reference to his interposing an equitable defense in way of payment or set-off." We quote the ·following from Am. & Eng. Ency. of Law (2nd Ed.), Vol. 2, page 1075): "In an action by the assignee of a chose in action against the debtor, it is in general no defense that the assignment was made without consideration, as the matter in no way affects his liability." It is well settled also that one who has taken an assignment of a mortgage for less than its value or the amount secured is not limited in his recovery to the amount actually paid, but may recover the whole amount due. (Rue v. Scott, *supra*; Jones on Chat. Mort., 5th Ed., Sec. 502.)

While we have rested our decision upon the well· established principles above stated, we might add that the difficulty, if any, in holding the consideration for this assignment to be sufficient to constitute the assignee a bona fide holder for value seems much less to us than it does to counsel. The point· urged against the sufficiency of the consideration is that the assignee's promise to pay the note of John Schmitt at the bank wa's merely a promise to perform an existing obligation, since he was liable thereon as surety, and hence did not constitute in law a consideration for the assignment. In that respect the chief difficulty, we think, would be in determining the effect of the evidence relating to the agreement between the assignor and assignee for the payment of the note. It might reasonably be concluded from that evidence, in our opinion, that Diefenderfer's agreement was to pay and discharge the debt of his principal, and not merely perform his obligation as surety. In other words, that his agreement was to make the debt his own and pay it as such, thereby assuming the obligation of the principal to the holder of the note, and releasing the obligation of the principal to him as surety.

While it is true that before the mortgage was assigned to Diefenderfer he was bound as surety upon the note which he agreed to pay as a part of the consideration for the

assignment, he was bound only as surety, with all the rights and entitled to all the remedies allowed a surety, including the statutory remedy of an action aided by attachment to obtain indemnity. (Comp. Stat., Secs. 5030, 5031.) Having signed the note as surety the principal might at any time thereafter indemnify him, the obligation assumed by the surety being a sufficient consideration, especially where the surety upon receiving such indemnity agrees to pay the note. This is well settled law. It is said in Brandt on Suretyship (Vol. 1, 3rd Ed., Sec. 239): "The liability of a surety or guarantor for the debt of his principal before he has made any payment on account thereof is a sufficient consideration for the execution of a mortgage or trust deed for his indemnity, and such mortgage or trust deed will take precedence of any subsequent lien upon the property encumbered thereby. A promissory note for the payment of a certain sum of money executed for the purpose of indemnifying the payee against his liability as a surety for the maker of an administration bond, and to enable him to secure himself by an attachment of the property of the maker, is valid, notwithstanding the payee at the time of its execution has not been damnified. The existing liability with an implied promise to pay that amount upon the principal indebtedness, forming a sufficient consideration for the note, the note will be enforced against the objections of other creditors." The following authorities also sustain and illustrate the general proposition above stated, and some of the cases cited sustain as to consideration an instrument executed by a third person to indemnify the surety, where the latter has agreed to pay the debt, or relinquished some right, upon receiving the indemnity. (Swift v. Crocker, 21 Pick. (Mass.) 241; Osgood v. Osgood, 39 N. H, 209; Cushing v. Gore, 15 Mass. 69; Stevens v. Bell, 6 Mass. 339; Hamaker v. Eberley, 2 Binn. (Pa.) 506, 4 Am. Dec. 477; Bank v. Jefferson, 101 Wis. 452, 77 N. W. 889; Harris v. Harris, 180 Ill. 157, 54 N. E. 180; Coal Co. v. Blake, 85 N. Y. 226; Hapgood v. Wellington, 136 Mass. 217; 1 Page on Contracts, Sec. 276; 6 Ency. Law, (2nd Ed.) 709; Carroll v. Nixon, 4

W. & S. 517; Carman v. Noble, 9 Pa. St. 366; Gladwin v. Garrison, 13 Cal. 331; Goodwin v. McMinn, 204 Pa. St. 162, 53 Alt. 762; Steen v. Stretch, 50 Neb. 572, 70 N. W. 48; Williams v. Silliman, 74 Tex. 626, 12 S. W. 534; Ellis v. Herrin, (N. J.) 24 Atl. 129; Willis v. Heath, (Tex.) 18 S. W. 801; Landigan v. Mayer, 32 Or. 245, 51 Pac. 649, 67 Am. St. Rep. 521.)

Where a married woman may contract and convey her property in the same manner as if she were unmarried, as she may do under the laws of this state, what would prevent her from paying the note of her husband, or conveying her property for that purpose, if such act is not fraudulent as to creditors? Assuming that a new consideration would be necessary to sustain a mortgage or other conveyance, or an agreement by a third person, indemnifying one who has already become a surety and obligated as such, and that is said to be the rule in Jones on Mortgages (Vol. 1, Sec. 615), the surety's agreement to waive a valuable right, or to assume and pay the debt of the principal might, perhaps, be found to be a sufficient consideration. (Pollock on Contracts, 8th Ed., 201-203; Wright v. McKitrick, 2 Kan. App. 508, 43 Pac. 977; Judy v. Louderman, 48 O. St. 562, 29 N. E. 181; Harris v. Harris, 180 Ill. 157, 54 N. E. 180; Hamaker v. Eberley, 2 Binn. (Pa) 506, 4 Am. Dec. 477; Rockafellow v. Peay, 40 Ark. 69.) But deeming it not involved in this case, we do not decide the question of the sufficiency of the consideration as between the assignee of the mortgage and the assignor, or her creditors.

The assignor is not a party, nor is it sought to defeat the assignment in her interest. The plaintiff in error was not a creditor of the assignor, and no such creditor is here attempting to impeach the assignment. Indeed, it does not appear that Mrs. Schmitt had any creditors. Under such circumstances the question of consideration is not important. As an executed transfer it might, therefore, be sustained and enforced as a gift, if not otherwise. Rehearing will be denied.

SCOTT, C. J., and BEARD, J., concur.