## LEVI BEAN *vs.* EZEKIEL SIMPSON.

Proof of the assignment of a chose in action and of notice thereof to the debtor, without exhibiting the security or offering evidence of the assignment where no request is made therefor, is sufficient to protect the assignee against subsequent payments to the assignor.

If no place be appointed in the contract for the delivery of specific articles, it is the duty of the debtor to ascertain from the creditor where he would receive them; and if this be not done, the mere fact that the debtor had the articles at his own dwellinghouse at the time, furnishes no defence.

The averment in the declaration of a demand, not required by the contract, or by law, may be rejected as surplusage, and need not be proved.

THE action was assumpsit on a contract in writing to deliver certain specific articles to the plaintiff, dated *Jan.* 5, 1835. The declaration averred a demand of the articles on the last day of *May*, 1836. No time, or place, for the delivery of the articles was named in the contract. On the back of the contract was an assignment under seal from *Bean* to one *Sherman*, dated *April* 27, 1836. On the first day of *May*, 1836, *Sherman* gave verbal notice of the assignment to the defendant, and demanded the articles, but did not exhibit to *Simpson* the assignment, or give any evidence of it, nor did *Simpson* request it, but offered to pay the amount, if *Sherman* would deduct a sum alleged to be due from *Bean* to one *Eaton*. To this *Sherman* refused to assent. The defendant gave in evidence a paper dated *July* 2, 1836, signed by *Bean*, containing his acknowledgement that he had received payment in full for the articles specified in the contract. The defendant offered to prove, that on the last day of *May*, 1836, he was at his dwellinghouse during that day, and then and there had the articles mentioned in the contract, and was ready to deliver them to *Bean*, or to his assignee. The Judge refused to admit this evidence, as no notice was shown to have been given to *Bean*, or to his assignee, of the time or place of the intended payment. The Judge was requested by the defendant to instruct the jury, that before the defendant could be compelled to pay the assignee, he must prove that he had furnished the defendant with evidence of the assignment before the commencement of the action. The Judge declined, and instructed the jury, that it was not necessary

that any such evidence should be furnished the defendant, as he had never requested it. He also insisted, that it was necessary for the plaintiff to prove a demand of the articles at the defendant's dwellinghouse, and requested the Judge so to instruct the jury, as the plaintiff had in his declaration alleged, that he had made a demand on the defendant on the last day of *May*, 1836. The Judge declined, and did instruct them, that no such demand was necessary, and that it was not therefore necessary to prove the averment. The Judge instructed the jury, that the assignment, being under seal, and purporting to be for a valuable consideration, is to be presumed to have been *bona fide*, and for a valuable consideration, unless the same should be disproved by the defendant; that the defendant might be allowed by way of deduction from the amount for any payments he had made to *Bean* prior to notice to the defendant of the assignment, but that unless he should prove that payments had been made before the notice, they could not be allowed. The verdict was for the plaintiff, and the defendant filed exceptions to the rulings and instructions of REDINGTON J.

*Smith* argued in support of the propositions contained in the requests for instruction, and contended, that the instructions given were erroneous. He cited *Davenport* v. *Woodbridge*, 8 *Greenl.* 17; *Wood* v. *Partridge*, 11 *Mass. R.* 488; *Wyman* v. *Winslow*, 2 *Fairf.* 398; *Robbins* v. *Luce*, 4 *Mass. R.* 474; *Penniman* v. *Hartshorn*, 13 *Mass. R.* 87; *Damon* v. *Osborn*, 1 *Pick.* 476; *Briggs* v. *Mason*, 16 *Mass. R.* 453; *Douglas*, 668; 3 *B. & P.* 456; 1 *Chitty Pl.* 209; 7 *Johns. R.* 321; 10 *Johns. R.* 365.

*Z. Washburn*, for the plaintiff, argued in support of the rulings of the Judge, and insisted that the requests for instruction were rightly refused. He cited *Bixby* v. *Whitney*, 5 *Greenl.* 195; and *Davenport* v. *Woodbridge*, 8 *Greenl.* 17.

The opinion of the Court, after advisement, was drawn up by

WESTON C. J.— That the contract, originally given to *Bean*, was assigned to *Sherman*, in *April*, 1836, has been proved, and is not disputed. The defendant, having had notice the following month, could not subsequently make payment to *Bean*, so as to defeat *Sherman*. This was expressly decided in *Davenport* v. *Woodbridge*, 8 *Greenl.* 17.

No place was appointed for the delivery of the specific articles, which are the subject matter of the contract. It was then the duty of the defendant, the debtor, to ascertain where the creditor would receive them. His readiness to pay at his own dwelling-house, on the day appointed, afforded him no defence. *Bixby* v. *Whitney,* 5 *Greenl.* 192.

The plaintiff proved all that was necessary to maintain the action. The averment of a demand, not required by the contract, or necessary by law, was impertinent, and as such may be rejected as surplusage. *Bristow* v. *Wright, Douglas,* 665.

*Exceptions overruled.*