Bean v. Briggs & Felthouser.

## BEAN *v.* BRIGGS & FELTHOUSER.

The courts of Iowa will not take judicial notice of the laws or statutes of another state.

Where a controversy arises in our courts, upon a contract made in another jurisdiction, *prima facie* it is to be governed by the laws of this state.

If it is claimed that the law of the place of contract, establishes a rule unknown to our law, such foreign law should be proven, and to be admissible in proof, should be properly averred, or set out in the pleadings.

If a party would introduce proof of the laws of a foreign state, it is not sufficient to aver, as a plaintiff, that his right to recover is warranted by the law or statute of another state, where the contract was made; nor is it

sufficient for the defendant to aver, that the plaintiff cannot recover, by reason of the provisions of such foreign statute; but he must plead the particular statute relied upon, and set it out, as he would any other fact in the case, that the court may be able to see and judge, whether the proceeding is warranted, or the defence tenable, under such law.

The system of pleading and practice introduced by the Code, contemplates plainness of averment, and a clear and logical statement of the very matter relied upon for a recovery or defence, with even more particularity than was necessary under the common-law practice.

Where in an action by the indorsee against the indorsers, on a certificate of deposit, made in Illinois, by the Phœnix Bank of Chicago, one of the defendants answered, averring as follows: "And defendant denies that the plaintiff has any cause of action against him, because he says said supposed contract *was made and entered into in the state of Illinois, and not in the state of Iowa. And defendant denies that plaintiff has exhausted his remedy against the maker of said certificate;*" and where on the trial, the defendant offered in evidence, a printed copy of the statute of Illinois, for the purpose of showing that, under said law, it was the duty of plaintiff to attempt to collect said demand from the maker, by the institution of legal proceedings, or that such proceedings, in consequence of the maker's insolvency, would have been unavailing, which evidence was objected to by the plaintiff but the objection was overruled, and the evidence admitted; and where the court instructed the jury, that "it devolved on the plaintiff to show affirmatively, that he had complied with the law of Illinois, and exhausted his remedy against the makers of said certificate, and there being no allegation nor proof of the institution of a suit against the maker, nor of the insolvency of the Phœnix Bank, they should find for the defendant;" *Held,* That the evidence was improperly admitted, and that the instructions were erroneous.

## Appeal from the Dubuque District Court.

PLAINTIFF claims as the indorsee of a certificate of deposit, made in Illinois, by the Phœnix Bank of Chicago, and indorsed by defendants. Briggs alone was sued, and in his answer, among other things, is the following averment: "And defendant denies that plaintiff has any cause of action against him, because he says said supposed contract was made and entered into in the state of Illinois, and not in the state of Iowa. And defendant denies that plaintiff has exhausted his remedy against the maker of said certificate, and denies that he is, in any manner, liable thereon." On the trial, the defendant offered in evidence, a printed copy of the statute of Illinois, for the purpose of showing that, under

said law, it was the duty of plaintiff to attempt to collect said demand from the maker by the institution of legal pro- ceedings, or that such proceedings, in consequence of the maker's insolvency, would have been unavailing. To this testimony the plaintiff objected, on the ground that the answer contained no allegation that such was the law in Illinois, or that the law of that state was, in any manner, different from the general commercial law, which objection was overruled, and said evidence received. The court, also, charged the jury that it devolved on the plaintiff to show, affirmatively, that he had complied with the law of Illinois, and exhausted his remedy against the maker of said certificate, and there being no allegation nor proof of the institution of a suit against the maker, nor of the insolvency of the Phœnix Bank, they should find for the defendant. To such instruction plaintiff excepted, and there being verdict and judgment against him, he now appeals.

*Wiltze & Blatchley*, for the appellant.

That the rights of the parties in this case, are to be determined by the laws of Illinois, there is no doubt. But *prima facie*, the laws of Illinois will be deemed to be the same as the laws of our own state. 3 Barb. Sup. Ct., 20; 1 Cowen, 109; Cowp. 174; 8 Mass. 101; 10 Wend. 78.

If it is desired to show that the foreign law of any particular state or country establishes certain rules not known to our law, these provisions of the foreign law should be averred and set out in the pleadings. 1 Chitty's Pl. 247; 6 Conn. 486; 1 Seld. 452; 26 Vt. (3 Deane) 698; Hardin, 163; 8 John. 193, 194; 2 Mass. 87.

The rules which should govern in pleading a foreign law, would seem to be the same as those which would govern in pleading a special custom or a private statute in our own state. In the latter cases, it is well established that the custom or statute itself must be recited. 2 Cowen's Tr. 6; Gould's Pl. 55, § 16.

If defendants intended to show that the rule of decision in Illinois, was different from that of Iowa, they should

have recited the statute, or, at least, have stated the rule clearly and distinctly; and they should have alleged it to be the rule of the law in Illinois. All they have done, is to allege that the contract was made in Illinois, which appeared on the face of the petition; that the law of Illinois, therefore, furnishes the rule of decision, a statement of the law undoubtedly correct; and that plaintiff has not exhausted his remedy against the maker, which the petition does not affirm. Here is no recitation, or even allegation of any rule in Illinois, different from our own rules. The denial that plaintiff has exhausted his remedy against the maker, has no meaning under any law of which the court can take judicial cognizance, and there is no law of Illinois set out to give it meaning. The fact that the petition does not show the remedy against the maker to have been exhausted, might have been a good ground of demurrer in an Illinois court, and, in truth, the case seems to have gone off in the court below, as upon such demurrer.

Foreign laws are facts; and what is the foreign law, is a question of fact to be determined according to some decisions by the court, and according to other decisions, exclusively by the jury. 2 Cranch, 236; Story's Conf. Laws, §§ 637, 638; 7 Metcf. 384.

Foreign laws, being facts, should be pleaded issuably. What issue could possibly be taken in this case? And they should be pleaded in such a manner that the testimony offered to prove them, could be introduced in support of some allegation made. What allegation, contained in the answer, did the testimony offered, prove or tend to prove?

That the laws of the other states of this Union are deemed foreign laws, vide 1 Seld. 452; 1 Rawle, 389. See Am. Com. Law, title Foreign Law.

*Cooley & Adams*, for the appellee, cited the following authorities: 16 Johns. 249; 1 Cow. 107; 1 Johns. Cases, 139; 12 Johns. 142; 3 Ib. 268; 7 Ib. 117; 3 Caines, 154.

WRIGHT, C. J.—It is conceded in the argument that the

certificate of deposit, was made and indorsed in Illinois. It is further admitted by appellants, that the law of that state entered into, and became a part of the contract of indorsement, and that the liability of the defendant, must be determined by said laws. And thus we perceive that we are left to inquire whether, under the pleadings, the testimony offered was admissible, and whether the instructions based thereon, should have been given. And this inquiry we must answer in the negative. We suppose it to be well settled, that the courts of this state will not take judicial notice of the laws or statutes of another state. If a controversy arises in our courts upon a contract made in another jurisdiction, *prima facie* it is to be governed by the law of this state, for the reason, that as we know nothing, in the first instance, of the statutes of such foreign jurisdiction, we presume them to be the same as ours, and therefore make ours the rule of decision. And, therefore, if it is claimed that the law of the place of contract, establishes a rule unknown to our law, such foreign law should be proven, and to be admissible in proof, should be properly averred or set out in the pleadings. The established doctrine now is, that no court takes judicial notice of the laws of a foreign country, but they must be proved as facts. Story's Conf. of Laws, § 637, and the authorities cited in note 2. And if a party would introduce such proof, it is not sufficient to aver, as a plaintiff, in his pleadings, that his right to recover is warranted by the law or statute of another state, where his contract was made; nor as a defendant, in his answer, that plaintiff cannot recover by reason of the provisions of such foreign statute, but he must plead the particular statute relied upon, and set it out, as he would any other fact in the case, that the court may be able to see and judge whether the proceeding is warranted, or the defence tenable, under such law. 1 Chitty Pleading, 247; *Holmes* v. *Broughton*, 10 Wend. 75; *Pearsoll* v. *Dwight*, 2 Mass. 34.

In the case before us, there is no pretence that the statute of Illinois, relied upon, is set out in the answer. Nor, indeed, is there any statute even referred to by the pleader.

It is simply averred that the contract was made in Illinois, and not in Iowa—an averment, which standing alone, is without either pertinency or force. For though made in Illinois, it is not presumed by our courts, as already shown, that a different rule of decision is applicable to it, than would be, if made in this state. Under such an averment, we are very clear that it was not proper to admit proof of the laws of Illinois. It is said, however, that it appears from the petition, and was established by plaintiff's proof, that the contract was made in Illinois, and that it was his duty, therefore, to show that under said law, defendant was liable. But it must be remembered that he had brought his action under our law; and he had a right, therefore, to claim that the court could only administer the *lex fori,* until it was in some legitimate manner shown that the *lex loci* was different. And finally, it is insisted that this pleading was sufficient under the Code, to authorize the admission of this evidence. We do not so understand the system of pleading and practice introduced by the Code. It contemplates plainness of averment, and a clear and logical statement of the very matter relied upon for a recovery or defence, and even more particularly than was necessary under the common law practice. If the averment would, as we have seen, at common law, been insufficient to admit this proof, much more is it defective under the Code.

We think that the evidence should not have been received, and that the court erred under the circumstances, in giving the instructions stated, to the jury.