THE WARDNER, BUSHNELL & GLESSNER CO., Appellee, v. M. E. JACK, Appellant.

1. **Corporations: POWERS: PLEADING.** Where in an action by a foreign corporation the corporate capacity of the plaintiff is alleged generally, in the petition, as authorized by section 2716 of the Code, and the facts relied on by the defendant in denial of

such capacity are not specifically stated in the answer, the plaintiff's articles of incorporation under the foreign state, duly authenticated, are competent evidence of the corporate capacity of the plaintiff, even though there is not contained therein all that is required in such articles under the laws of this state.

2. Contract: ESTOPPEL: EVIDENCE. The contract sued upon being denied by the defendant under oath, it was shown that her name was signed thereto by her husband, and that she afterwards received its beneficial results, and promised to fulfill its terms. *Held*, that she was estopped from denying either her husband's original authority to bind her upon the contract, or her subsequent ratification thereof.

3. Corporations: CONTRACTS: POWERS: BURDEN OF PROOF. Contracts made or received by a corporation are presumed to be within its corporate powers, and a party denying the authority of a corporation to make a contract sued upon has the burden of proving that issue.

4. Contract: RATIFICATION: EVIDENCE. The defendant having given a receipt acknowledging performance of the contract sued upon by the plaintiff, and promising performance on her part, *held*, that under the circumstances of this case the receipt was competent as evidence of the defendant's ratification of the contract, though the receipt constituted a contract in itself.

5. ———: ASSIGNMENT: PERFORMANCE. A party cannot excuse his performance of a contract upon the ground that an assignee seeking to enforce the same acquired his interest without consideration.

*Appeal from Chickasaw District Court.*—HON. L. E. FELLOWS, Judge.

FRIDAY, MAY 15, 1891.

THE plaintiff alleges that it is an incorporated company, organized under the laws of the state of Ohio; that it is the assignee of a certain written contract between the defendant and one Christ Redel, upon which the defendant is indebted to the plaintiff in the sum of three hundred and fourteen dollars and eleven cents with interest. Under the contract set out Redel agreed to cultivate certain land, to furnish part of the seed, and to deliver the crop to the defendant, M. E. Jack, at New Hampton, Iowa. In consideration of this

service M. E. Jack agreed to deliver up to Redel a certain promissory note for two hundred and seventy-five dollars, executed by him, and held by Wardner, Mitchell & Co., also to deliver up to Redel his other note for thirty-eight dollars and eighty cents, held by M. J. Peck. The notes were to be delivered as soon as the grain was delivered at New Hampton. It is alleged that Redel delivered the grain, but that the defendant has failed and refused to deliver the notes, wherefore the plaintiff asks judgment. The defendant answered, denying each allegation of the petition, and specifically denying that the plaintiff was incorporated; that any charter or law or grant authorizing its incorporation was ever adopted or granted; denying that any capital stock was ever subscribed; that the plaintiff ever issued any stock, elected any officers, did any business, or had any legally authorized existence. In an amendment under oath the defendant denied that she signed or authorized any person to sign the contract set out. The plaintiff, in reply, alleges that she authorized the signing of the contract and ratified it after it was signed. The cause was submitted to the court, and a judgment rendered for the plaintiff. The defendant appeals. *Affirmed.*

*Hiram Shaver*, for appellant.

*J. H. Powers*, for appellee.

GIVEN, J.—I. The plaintiff offered in evidence its articles of incorporation under the laws of Ohio, duly authenticated, to which the defendant objected as "irrelevant, immaterial and incompetent," the overruling of which objection is assigned as error. The argument is addressed to the competency of the evidence, the appellant contending that the articles were incompetent, because they did not contain all that is required in such articles under the laws of this state, such as the highest amount of indebtedness allowable, when the corporation was to begin and terminate, by what officers it was

1. CORPORATIONS: powers: pleading.

to be conducted, and whether private property was to be exempt from corporation debts, etc. Section 2717 of the Code requires that when the corporate capacity has been alleged generally, as authorized in section 2716, it shall not be sufficient to deny the corporate capacity in terms contradictory ˙of the allegation, but the facts relied on shall be specifically stated. The facts relied on in argument are not specifically stated in the answer. The articles offered tended to disprove the allegations of the answer, and were, therefore, properly admitted. This is not a question of presumptions as to what the laws of another state are, as in *Bean v. Briggs*, 4 Iowa, 464, and *Sayre v. Wheeler*, 32 Iowa, 560, but of pleading and proof as to the corporate capacity of a party under our own statute.

II. Appellant's·objection to admitting the written contract sued upon in evidence was overruled. The answer denies under oath that the defend-

2. CONTRACT: estoppel: evidence.

ant signed or· authorized the signing of her name to that contract. The testimony shows without conflict that her husband signed her name to it, and that she afterwards received the grain from Mr. Redel, receipted to him for it, and promised to deliver the notes. By receiving the beneficial results of the contract she is estopped from denying an original authority or ratification. *Eadie v. Ashbaugh*, 44 Iowa, 520. By the ratification the appellant made the contract her own, and, therefore, it was properly admissible as showing its terms.

III. The appellant contends that, as under its articles, the plaintiff was formed for the purpose of manufacturing and selling machines, "and

3. CORPORATIONS: contracts: powers: burden of proof.

all things incident thereto," the taking or assignment of the contract was foreign to that business, unless shown to be connected with it. In *Straus v. Ins. Co.*, 5 Ohio St. 62, cited by the appellant, it is said: " Unless expressly restrained by its charter, every corporation has the incidental power to make any contract, and evidence it by any instrument that may be necessary and proper to

accomplish the object for which it is created. A note or bill, therefore, made or received by such corporation is *prima facie* within its corporate powers, and, therefore, valid." In the same case the court quotes approvingly from Angell & Ames on Corporations, page 198: "The presumption is always in favor of the validity of the contract; or, in other words, it will be presumed that the debt was due, or the note or other security is shown." This places the burden on the defendant to show the want of power against this presumption.

IV.   The court admitted, over the defendant's objection, the receipt given by the appellant to Redel for the flax raised under the contract. In addition to acknowledging receipt of the flax, it states an agreement to deliver the same notes described in the contract "as soon as the same can be obtained." The ground of the objection is that this is a new contract, and irrelevant to the issues. It was admissible as evidence of ratification, and, though it might constitute a contract of itself in the absence of the former, yet, in view of the former, it was admissible as showing ratification.

*4. CONTRACT: ratification: evidence.*

V.   On the cross-examination of Redel the appellant sought to show that Redel had secured the notes, and that he did not receive anything from the appellee for the assignment of the contract. The appellee's objections were properly sustained, because this was not a cross-examination to anything that had been called out in chief, and because it did not exempt the appellant from the obligations of the contract, it not being claimed that she even attempted to deliver the notes. It was immaterial to the appellant what consideration the appellee had paid for the assignment, if it had in fact been made.

*5. ——: assignment: performance.*

We have considered all the errors assigned and discussed, and reached the conclusion that the judgment of the district court should be AFFIRMED.