[No. 19425. Department Two.—October 3, 1894.]

## J. L. BAXTER, RESPONDENT, *v.* MOSES HART, APPELLANT.

PARTNERSHIP—AGREEMENT IN FAVOR OF ONE PARTNER—ACTION FOR SERVICES—PARTIES.—Where the plaintiff and another person owned a threshing-machine, and were engaged as partners in threshing grain for farmers, and the other partner was also a partner with the defendant in a crop of grain threshed, in respect of which the partners in the threshing-machine agreed that they would not thresh the crop as copartners, but that the pay coming from the defendant should all go to the plaintiff, and that the other partner's grain should be threshed free to offset the other half of the pay, such agreement constituted the plaintiff the real party in interest, as between himself and his copartner, and he is the only proper party plaintiff in an action to recover for services performed in threshing the defendant's share of the crop.

ID.—PLEADING—FACTS SHOWING RIGHT OF PLAINTIFF TO RECOVER.—In pleading the facts showing the right of the plaintiff to recover, the joint contract, and the special agreement between plaintiff and his copartner, whereby plaintiff became the owner of the claim sued upon, should be set out.

ID.—INSUFFICIENT PLEADING—ADMISSION OF EVIDENCE—OBJECTION UPON APPEAL FOR FIRST TIME—WAIVER.—Where the pleading was objectionable in not setting out the facts, but was not objected to, and evidence of the joint contract and of the agreement between plaintiff and his copartner showing the right of plaintiff to recover was received without objection at the trial, objection cannot be urged upon appeal for the first time, as it could have been obviated by an amendment of the complaint, and objection to the pleading was waived by not being taken at or before the trial.

APPEAL from a judgment of the Superior Court of Kern County.

The facts are stated in the opinion.

*Patten & Graham*, and *R. J. Ashe*, for Appellant.

*Robinson & Haralson*, for Respondent.

SEARLS, C.—This action was brought to recover three hundred and ninety-one dollars and ninety-three cents for services performed by plaintiff in threshing wheat and barley for defendant.

The complaint was not verified, and the answer was a general denial of its allegations.

The cause was tried by the court, written findings filed, and judgment rendered thereon as prayed for in the complaint.

The appeal is from the final judgment, was taken within sixty days after rendition of judgment, and is supported by a bill of exceptions.

The testimony was conflicting. There was testimony tending to show the following state of facts:

Plaintiff and one Flanigan owned a threshing-machine and were engaged as partners in threshing grain for farmers. Said Flanigan and defendant were also partners in the crop of grain threshed.

Flanigan arranged with defendant for the threshing, and each of them was to pay separately for one-half of the threshing. Plaintiff and Flanigan then agreed that they would not thresh the crop as copartners, but that the pay coming from defendant should all go to plaintiff, and that Flanigan's grain should be threshed for him free to offset the other half.

It did not appear that this arrangement between plaintiffs was known to defendant until after the grain was threshed.

There was no plea of a nonjoinder of parties, and no objections to testimony.

The only question in the case is, Does this testimony support the finding that defendant is indebted to plaintiff in the sum of three hundred and ninety-one dollars and ninety-three cents for the threshing of defendant's crop of wheat and barley, etc?

No reason is perceived why plaintiff and Flanigan could not, as between themselves, although copartners, agree that as to a given venture or contract, plaintiff should have the entire benefit, as they might have assigned the demand arising therefrom one to the other after completion of such venture or contract.

Had defendant presented a counterclaim against the firm held by him before notice of this arrangement, it would have been valid to defeat the claim, but, in the absence of such a cross-demand, it is not perceived that he can be injured by a judgment for that which he was bound to pay.

The case, then, stands thus: Plaintiff and Flanigan entered into a contract jointly with defendant, and then by an agreement between themselves stipulated that plaintiff should be the recipient of the entire benefit thereof. This constituted him the real party in interest as between himself and his copartner, and as a result he was the proper and only proper party plaintiff.

In pleading the facts, however, the joint contract and the special agreement between plaintiff and Flanigan whereby the former became the owner of the claim should have been set out.

It was omitted, and defendant might have objected at the trial to the introduction of the evidence of the joint contract and the agreement between plaintiff and his copartner.

This was not done, and the evidence having shown the right of plaintiff to recover, it is now on appeal too late to raise the objection for the first time.

Had the objection been made at or before the trial, it could have been obviated by an amendment of the complaint. By not being taken it was waived.

The judgment appealed from should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN. J.