Argued November 7; decided December 30, 1895.

## GREGOIRE *v.* ROURKE.
### [42 Pac. 996.]

1. ACTION BY ASSIGNEE OF CHOSE IN ACTION — CONSIDERATION.— An assignee of a chose in action in Oregon may maintain an action thereon in his own name, although he paid no consideration therefor: *Dawson* v. *Pogue*, 18 Or. 94, approved and followed.

2. PLEADING ASSIGNMENT OF CHOSE — SURPLUSAGE.— It is not incumbent upon an assignee of a chose in action to show that he paid a consideration therefor, because the complaint avers a sale as well as an assignment to him, for the allegation in regard to the sale may be rejected as surplusage.

APPEAL from Marion: GEORGE H. BURNETT, Judge.

This is an action to recover an alleged balance of an account. The plaintiff alleges that on September eighth, eighteen hundred and ninety-one, E. S. Gregoire and himself were copartners in business under the firm name of E. S. Gregoire and Son, at which time said firm sold and delivered to the defendants a quantity of wheat of the value of two thousand nine hundred and ninety-seven dollars and sixty cents; that the defendants paid on account thereof two thousand eight hundred and twenty-two dollars and sixty cents, leaving a balance of one hundred and seventy-five dollars due thereon; that said firm sold and assigned the account to him; and that he is the owner and holder thereof and entitled to the moneys due thereon for which he prays judgment. The defendants having denied the material allegations of the complaint,

and the assignment to plaintiff, alleged payment of the amount demanded. A reply having put in issue the allegations of new matter contained in the answer, a trial was had, at which the plaintiff as a witness in his own behalf testified that the said sum of one hundred and seventy-five dollars was due from the defendants as alleged in his complaint; that his partner died since the assignment; and admitted upon cross-examination that it was made without consideration. Thereupon the court, in substance, instructed the jury that the plaintiff, having alleged a sale and assignment, could not recover as surviving partner nor as assignee unless the claim had been assigned by said firm to him for a valuable consideration; to the giving of which, so far as it relates to the necessity for the payment of a valuable consideration to support the assignment, the plaintiff excepted, and the exception was allowed. The jury having rendered a verdict for the defendants, the court gave judgment thereon, from which the plaintiff appeals, and assigns as error the giving of said instruction, the overruling of a motion for a new trial, and the entry of said judgment.                                    REVERSED.

For plaintiff there was a brief and an oral argument by *Mr. John A. Carson.*

For respondents there was a brief by *Messrs. Tilmon Ford, John C. Leasure,* and *Bailey and Balleray,* with an oral argument by *Mr. Ford.*

Opinion by MR. JUSTICE MOORE.

1. The plaintiff contends that it was unnecessary to allege or prove a valuable consideration for the assignment, and that the want thereof should not bar

his recovery.  There is some conflict of authority upon
the question presented, but we think the weight of it
is in favor of the legal proposition for which the
plaintiff contends, and that the right of recovery de-
pends, not upon what may have been paid for the as-
signment, but whether the plaintiff is the real party
in interest.  The courts entertaining views different
from this proceed upon the theory that, the assignee
having paid nothing for the assignment, the donor
may change his mind, and withhold from the object
of his liberality the contemplated benefit.  The weight
of authority seems to be that in an action by an as-
signee of a chose in action, the defendant may contro-
vert the allegation of ownership, and prove that the
plaintiff is not the real party in interest.  If, however,
the assignment is actually made, he cannot question
it upon the ground that there was no consideration
paid therefor: 1 Beach on Modern Equity Jurispru-
dence, § 345; *Stone* v. *Frost,* 61 N. Y. 614; *Warder* v. *Jack,*
82 Iowa, 435 (48 N. W. 729); *Wolff* v. *Matthews,* 39 Mo.
App. 376; *Pugh* v. *Miller,* 126 Ind. 189 (25 N. E. 1040);
*Norris* v. *Hall,* 18 Me. 332; *Arthur* v. *Brooks,* 14 Barb. 533;
*Richardson* v. *Mead,* 27 Barb. 178; *Beach* v. *Raymond,* 2
E. D. Smith, 496; *Miles* v. *Fox,* 4 E. D. Smith, 220; *Whit-
taker* v. *County of Johnson,* 10 Iowa, 161.  But, whatever
the rule may be elsewhere, it has been settled in this
state that the title to a chose in action passes by as-
signment, that the assignee is authorized to bring an
action thereon; and that it is immaterial whether he
paid any consideration therefor: *Dawson* v. *Pogue,* 18 Or.
94 (6 L. R. A. 176, 22 Pac. 637).

2.  The plaintiff alleged facts showing the exist-
ence of a demand against the defendants which had
been assigned to him, and hence his complaint shows

that he is the real party in interest, and has a *prima facie* right of action. It is true he alleged that the claim had been sold to him, which implies a payment or promise as a consideration therefor, but as his right of action is founded upon the fact, and not the consideration, of the assignment, it was unnecessary to prove that he had paid any consideration therefor, and hence the allegation that the claim was sold to him was surplusage and should have been disregarded: Bliss on Code Pleading, § 215; *Hoyt* v. *Seeley,* 18 Conn. 352; *Bean* v. *Simpson,* 16 Me. 49; *Grubb* v. *Mahoning Navigation Company,* 14 Pa. St. 302; *Lyons* v. *Merrick,* 105 Mass. 71. The instruction complained of is erroneous, but the rule is well settled that a judgment will not be reversed for that reason unless it appears probable that the jury was misled thereby: 2 Thompson on Trials, § 2401; *Salmon* v. *Olds,* 9 Or. 488. In the case at bar there can be no doubt that the jury was misled by the instruction excepted to, and hence the judgment must be reversed and a new trial ordered.      REVERSED.

Decided December 23, 1895.