[Civ. No. 683.   First Appellate District.—November 16, 1909.]

## E. JONATHAN BOYCE, Respondent, v. PATRICK GOR-DON, Appellant, and C. B. KILER, Respondent.

PARTNERSHIP—ASSIGNMENT OF CLAIM BY PARTNER TO COPARTNER—AC-TION BY ASSIGNEE.—When there is no question as to partnership debts or as to equities between the copartners, one of two mem-bers of a firm may assign all interest in a claim due the firm to the other partner, who thereby becomes sole owner of the claim, and may maintain an individual action thereon.

ID.—FICTITIOUS FIRM NAME—CERTIFICATE NOT FILED—MAINTENANCE OF ACTION—RIGHTS OF ASSIGNEE.—Though a firm doing business under a firm name, not disclosing the names of its members, can-not maintain an action on a debt due thereto, without filing a certificate stating the names and place of residence of its members as required by the Civil Code, yet the assignee of such debt, even though a partner, may maintain an action to recover thereon, not-withstanding such certificate has not been filed.

ID.—INSTRUCTION AS TO TWO CAUSES OF ACTION—LIABILITY OF APPEL-LANT—AMBIGUITY AS TO DEFENDANT-RESPONDENT NOT MISLEADING.—It is held that an instruction as to the liability of the appellant whose liability was limited to a first cause of action, upon which there was evidence tending to show that he was principal, was not misleading, on account of ambiguity of expression as to the lia-bility of defendant-respondent, where it is made clear that there was no issue as to the liability of such defendant on both causes of ac-tion, and that the only possible verdicts as to appellant were for or against his liability on the first cause of action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order deny-ing a new trial.   Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, Devoto & Richardson, and Devoto, Rich-ardson & Devoto, for Appellant.

Maurice R. Carey, for Respondent Boyce.

Joseph W. Patton, for Respondent Kiler.

COOPER, P. J.—This action was brought to recover $487.50, being the value of certain lumber alleged to have

been furnished to defendant Patrick Gordon, to be used, and which was used, in the construction of a building for said Gordon, and to recover the further sum of $129, for certain mill work alleged to have been used in the erection and construction of the same building for said Gordon. The first item was included in the first cause of action as stated in the complaint, and the second in what is denominated the second cause of action. The case was tried before the court with a jury. At the close of the evidence, after being instructed by the court, the jury returned a verdict in favor of the plaintiff and against defendant, Patrick Gordon, for the value of the lumber as alleged in the complaint, $487.50, and upon this verdict judgment was entered. Defendant Patrick Gordon prosecutes this appeal from the judgment and from the order denying his motion for a new trial.

It is first urged that the court erred in admitting in evidence a written assignment made by Mary J. Bates of all her right, title and interest in and to the $487.50 due the Boyce Lumber Company for lumber furnished to Gordon. The evidence shows that the firm or copartnership known as the "Boyce Lumber Company" was at all times referred to in the complaint composed of two copartners and two only, to wit, the plaintiff and Mary J. Bates. There is no question here as to the copartnership debts, or as to any equities between the members of the firm. We then have the simple question as to two persons owning a claim as copartners, and one assigning her interest to the other. We see no reason why the partner, who thus becomes the sole owner, cannot maintain an action upon such claim. (*Baxter* v. *Hart,* 104 Cal. 344, [37 Pac. 941].)

The court did not err in sustaining the objections of plaintiff's counsel as to questions asked by appellant's counsel of plaintiff as to whether or not the copartnership had filed a certificate with the county clerk, stating the names and places of residence of the members of the copartnership, as required by the code. The assignee of a partnership debt, even though a partner, may maintain an action to recover upon such debt, and this even though the partnership would not have been allowed to maintain such action by reason of not having complied with the law by filing its articles of copartnership. (*Gray* v. *Wells,* 118 Cal. 11, [50 Pac. 23].)

The appellant complains of the following instruction given to the jury: "It appears that there is no issue between the plaintiff and defendant as to both the first cause of action and the second cause of action. In the first cause of action there is some evidence in the record to the effect that the defendant Patrick Gordon was a principal. If you find him a principal in the transaction, your verdict will be against him on the first cause of action. If you find that he was not a principal, but that the defendant Kiler was the principal, then you will not bring in a verdict against Patrick Gordon." It seems evident that the court must have intended the first part of the instruction down to the end of the sentence to apply to defendant Kiler, and that the word "Kiler" was left out after the first use of the word "defendant"; and this appears evident for the reason that there was no issue between the plaintiff and defendant Kiler as to either the first cause of action or the second cause of action; and it is apparent for the further reason that the court, in the latter part of the same instruction, expressly stated to the jury that if it found appellant to be a principal as to the first cause of action, the verdict must be against him as to such cause. Even if there could be a question as to whether or not the instruction could have misled the jury, the matter was afterward made very clear to them. It appears that after they had left the courtroom, after some conversation with counsel, the court informed counsel of its intention to recall the jury, and further instruct it so as to make the said matter clear. The jury was accordingly recalled, and the court instructed them: "As I have before stated, there is no issue here between the plaintiff and the defendant Kiler. That matter is settled by the pleadings. There is no issue here as to the value of the lumber. There is no issue here as to the mill work as between the plaintiff and the defendant Patrick Gordon. Consequently your verdict is only one of two possible verdicts, as follows: 'We the jury in the above-entitled case find a verdict in favor of plaintiff and against the defendant Patrick Gordon in the sum of $487.50,' or 'We the jury in the above-entitled case find a verdict in favor of Patrick Gordon.' That is all there is for you to decide." The jury therefore plainly understood that the issue for them to decide was on the first alleged cause

of action and as between the plaintiff and the defendant Gordon; and not only this, but the verdict of the jury was responsive to such issue.

We find no error in the record, and no alleged error in addition to what has been discussed that is of sufficient importance to merit discussion.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on December 15, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 13, 1910.