Argued August 9, decided September 27, 1910.

## LEVINS *v.* STARK.

[1'.0 Pac. 980.]

PARTNERSHIP—ACTION BY PARTNER—PARTIES.

1. At common law, a partner may not sue in his own name on a firm's claim, though the copartner has assigned to him his interest therein, except in the case of negotiable instruments, but the assignment gives to the assignee the right to use the name of the assignor to collect the claim in their joint names, and under the code the assignee may sue in his own name as the real party in interest.

PARTNERSHIP—ACTION BY PARTNER—PLEADING AND PROOF.

2. Since a partner suing in his own name on a firm's claim must allege the fact of the vesting of the legal or equitable title thereto in him, and an averment of an assignment of the copartner's interest in the claim must be made when the allegations are put in issue by denial, they are material, and must be proved.

ASSIGNMENTS—CHOSE IN ACTION—SUFFICIENCY OF ASSIGNMENT.

3. Any declaration either in writing or oral, showing an intention to transfer a chose in action, is effectual as an assignment thereof, if it amounts to an appropriation to the assignee.

ASSIGNMENTS—CHOSE IN ACTION—EQUITABLE ASSIGNMENTS.

4. In equity anything showing an intention to assign a chose in action on one side and an assent to receive on the other operates as an assignment if sustained by a sufficient consideration.

ASSIGNMENTS—ACTION BY ASSIGNEE—DEFENSES.

5. A defendant sued on a chose in action by an assignee thereof cannot question the assignment on the ground that there was no consideration therefor, but the assignee may sue thereon if the title to the chose passed.

PARTNERSHIP—ACTION BY PARTNER—PARTIES.

6. A statement by a partner that his copartner should take a firm claim, and should take care of it, as the partner was going away, was not an assignment of the partner's interest in the claim to the copartner, and he could not sue thereon in his own name.

From Douglas: JAMES W. HAMILTON, Judge.

This is a suit by A. J. Levins against W. H. Stark and H. H. Stark, partners, doing business under the firm name and style of Stark Lumber Company, and T. E. Bledsoe, trustee in bankruptcy. From a decree foreclosing certain alleged loggers' liens in favor of plaintiff, defendants appeal.            REVERSED: SUIT DISMISSED.

For appellants there was a brief over the names of *Messrs. Fullerton & Orcutt,* with an oral argument by *Mr. Albert N. Orcutt.*

For respondent there was a brief and an oral argument by *Mr. John A. Buchanan.*

MR. JUSTICE SLATER delivered the opinion of the court.

Defendant T. E. Bledsoe, assignee in bankruptcy of defendants W. H. Stark and H. H. Stark, partners, comprising the firm of the Stark Lumber Company, insolvent debtors, has appealed from a decree foreclosing an alleged logger's lien, filed on January 23, 1908, by A. J. Levins and Elmer Chambers, partners under the firm name of Levins & Chambers, claiming a lien upon a number of sawlogs and a quantity of lumber manufactured therefrom for work done in cutting and delivering logs. The suit is prosecuted by Levins as the sole owner of the claim, who alleges in his complaint that after the filing of the lien notice, and prior to the commencement of the suit, the partnership firm of Levins & Chambers, for a valuable consideration, assigned and transferred to him their demand under the said lien, and that he is the owner and holder thereof. This averment is denied by the answer. On direct examination plaintiff testified in general terms that such an assignment had been made, but on cross-examination he admitted that such was not the fact; that he was not the owner of the whole claim; that he and Chambers are still partners; and that Chambers still owns his share. Again, in response to leading questions on redirect examination, he was induced to say that for the purpose of this suit there was a verbal agreement between Chambers and himself. On re-cross-examination, however, he stated that he had not purchased Chambers' interest, but that Chambers told him to take it (referring to this claim) and take care of it, as he was going away and would not be there.

1. At common law one partner could not sue in his own name upon a firm claim, even though his copartner had assigned to him all interest in such claim, except in the case of negotiable instruments, but such assignment gave the assignee the right to use the name of the assignor so as to enable him to collect the claim in their joint names for his own separate use. Under the Codes, however, such assignee may sue in his own name as being the real party in interest: 15 Pl. & Pr. 858, 859; Pomeroy's Code Rem. (4 ed.) § 64.

2. All the facts showing the vesting of the legal or equitable title in plaintiff should be alleged, and, being put at issue by denial, constitute a material issue, necessary to be established to enable plaintiff to recover: *Baxter* v. *Hart,* 104 Cal. 344 (37 Pac. 941); *Overholt* v. *Dietz,* 43 Or. 194 (72 Pac. 695); *Gregoire* v. *Rourke,* 28 Or. 275, 277 (42 Pac. 996.)

3. An averment of the assignment must be made to show title: *Travis* v. *Tobias,* 8 How. Prac. (N. Y.) 333. The regular mode of transferring a debt is by an instrument purporting to assign it, but no special form is necessary. Any declaration, either in writing or by word of mouth, that a transfer is intended, will be effectual, providing it amounts to an appropriation to the assignee.

4. In equity the rule is that anything showing an intention to assign on the one side, and from which an assent to receive may be inferred on the other, will operate as an assignment if sustained by a sufficient consideration. The form of words used in making the agreement is not alone to receive attention, but all the circumstances of the transaction are to be considered: 1 Beach, Mod. Equity Jur. § 326.

5. But in *Gregoire* v. *Rourke,* 28 Or. 275, 277 (42 Pac. 996), this court committed itself to the doctrine that, if the assignment is actually made, the defendant cannot

question it upon the ground that there was no considera-
tion, and that the assignee is authorized to sue thereon if
the title to the chose passed.

6. The declaration which plaintiff testified Chambers
made to him with reference to the lien does not evidence
any intent on his part to transfer a title to Levins or any
right to sue thereon in his own name, and is not sufficient
to make a *prima facie* case for plaintiff.

The decree will therefore be set aside, and the suit dis-
missed.                    REVERSED: SUIT DISMISSED.