Argued October 9, affirmed November 5, 1974

POST ET UX, *Respondents, v.* RIVER CITY
INVESTMENTS, INC. ET AL, *Appellants.*

527 P2d 714

*Carl N. Byers* of Heltzel & Byers, Salem, argued the cause and filed a brief for appellants.

*Jack H. Cairns,* Portland, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

LEAVY, J. (Pro Tempore)

This is an action by plaintiffs, as assignees, on a contract for the payment of money by defendants River City Investments, Inc., Gary Cooper, Arthur Rein, and Lawrence Bernard. The defendant Guernsey intervened as a judgment creditor of the assignor, Durell R. Smith.

The trial court, sitting without a jury, found for the plaintiffs and defendants appeal.

The present controversy arises mainly out of a promissory note and a buy-sell agreement. The

facts of the case at bar are complicated by various circumstances surrounding these two transactions. The rights of the parties to the present action are affected by two prior actions, an action on the promissory note and an action on the buy-sell agreement, as well as various releases, garnishments, and guarantees. With this in mind, we turn to an examination of the facts.

The contract on which plaintiffs, as assignees, commence the present action reads:

## "AGREEMENT

"THIS AGREEMENT made and entered into this —— day of August 1971, by and between Durell R. Smith, herein called Seller, and River City Investments, Inc., an Oregon Corporation, herein called Buyer, and individuals Gary Cooper, Arthur Rein, and Dr. Lawerence [sic] Bernard,

## "WITNESSETH:

"WHEREAS Seller is a shareholder, director, officer and employee of Buyer which is engaged in a restaurant business in Portland, Oregon at 58 S.W. Second Avenue under the name of Darby O'Gill's; and

"WHEREAS Buyer desires to purchase all of the shares of stock and all of the interest of Seller in and to Buyer, and to secure the resignation of Seller as an officer, director, and employee of Buyer;

"NOW THEREFORE Seller and Buyer mutually agree as follows;

"1. Seller hereby agree[s] to sell all of his shares of stock of Buyer to Buyer and Buyer agrees to purchase such stock for the sum of Five Thousand Dollars ($5,000.00).

"2. Buyer hereby agrees to pay Seller the sum of Fifteen Thousand Dollars ($15,000.00) heretofore loaned by Seller to Buyer.

"3. Buyer hereby agrees to pay to Seller the sum of Two Thousand Dollars ($2,000.00) for additional capital investment made by Seller in Buyer.

"4. The aforesaid total amount of Twenty Two Thousand Dollars ($22,000.00), all as set forth in paragraphs one, two, and three of this AGREEMENT, shall be paid by Buyer to Seller as follows:

"(a) Buyer shall pay to Seller the sum of Seven Thousand Dollars ($7,000.00) forthwith and immediately upon the approval by the Oregon Liquor Control Commission of a new shareholder of buyer, namely Arthur Rein, application being attached hereto as exhibit A;

"(b) Buyer shall pay to Seller the remaining balance of Fifteen Thousand Dollars ($15,-000.00) in monthly payments of Five Hundred Dollars ($500.00) per month, inclusive of interest at the rate of 8 percent per annum on the unpaid principal balance, with such interest commencing on the date of approval of the aforesaid new shareholder of Buyer by the Oregon Liquor Control Commission. The first payment of such sum of Five Hundred Dollars ($500.00) inclusive of interest shall be made by Buyer to Seller 45 days from and after the date of the aforesaid approval of the new shareholder by the Oregon Liquor Control Commission, and Subsequent payments shall be made on the same date of each month thereafter until the entire remaining balance, both principal and interest, is paid in full;

"(c) Payment of all sums set forth in this agreement, that is to say the full amount of Twenty Two Thousand, ($22,000.00) together with interest as heretofore set forth, is hereby guaranteed by the following individuals, namely, Gary Cooper, Arthur Rein, and Dr. Lawerence [sic] Bernard, all of Portland, Oregon;

"(d) In case suit or action is brought by Seller against Buyer for any default in payment

hereunder, Seller shall be paid by Buyer reasonable attorney's fees and court costs incurred. It is specifically agreed and understood that the named individuals namely Gary Cooper, Arthur Rein, and Dr. Lawerence [sic] Bernard, at the option of seller, may be made parties to any such suit and shall be jointly and severally liable for payment of any delinquent amounts established under this agreement.

"(e) Buyer, and the named individuals namely, Gary Cooper, Arthur Rein, and Dr. Lawerence [sic] Bernard, jointly and severally hold Seller harmless from any liabilities heretofore or hereafter incurred by buyer.

"(f) Seller and Buyer hereby mutually release each other from any claim, demand, cause of action, suit, or liability of any kind whatsoever whether existing now or at any time in the future other than the liability set forth in this agreement and any claims, suits or actions that may be brought thereon.

"5. Seller herewith resigns as an officer, director, and employee of Buyer.

"Done at Portland, Oregon this —— day of August 1971.

"SELLER: /s/ Durell R. Smith
            Durrell [sic] R. Smith

"BUYER: RIVER CITY INVESTMENTS, INC.,
          an Oregon Corporation

          By /s/ Gary C. Cooper
                 President

             /s/ Gary Cooper
                 Gary Cooper

             /s/ Arthur H. Rein
                 Arthur Rein

             /s/ Dr. Lawrence Bernard
                 Dr. Lawerence [sic] Bernard"

On March 6, 1971, prior to the execution of the buy-sell agreement set forth above, Durell R. Smith, assignor, and defendants Gary Cooper and Lawrence Bernard executed a promissory note in the sum of $15,000 payable to Guernsey, the intervenor in the present action, in consideration for a loan. The proceeds of the loan were deposited in River City Investment, Inc.'s bank account and used for corporate purposes. Both Smith and Cooper were shareholders of River City Investment, Inc., at that time. Bernard signed only as a guarantor; upon default by Smith and Cooper on the note, Bernard paid $3,375 to Guernsey between February 1972 and September 1972.

Prior to his assignment of the buy-sell agreement to plaintiffs, Smith brought an action on the contract in the Multnomah County Circuit Court against River City Investments, Inc., and the individual parties to the contract, *i.e.,* all of the defendants in the present action except the intervenor Guernsey. For clarity and convenience, we will refer to this action as the Smith-Bernard action.

The Smith-Bernard action was dismissed when Bernard paid $5,500 to Smith and executed the following written instrument:

"R E L E A S E

"WHEREAS, a controversy has arisen between DURELL R. SMITH and LAWRENCE BERNARD, and others concerning an agreement of August, 1971, which agreement is the subject of a Complaint filed in the Circuit Court, Multnomah County, State of Oregon, No. 381 322, and

"WHEREAS, the Plaintiff, DURELL R. SMITH and the Defendant, LAWRENCE BERNARD, have agreed by and through their respective counsel and individually to compromise said

differences and all matters pursuant thereto in said lawsuit in total settlement of all matters to date for the agreed upon sum of $5,500.00; and

"WHEREAS, in addition to the payment of the aforesaid sum, Defendant, BERNARD, agrees to pay to Plaintiff, DURELL R. SMITH, the sum of $500.00 per month until the balance of $10,800.00 is paid in full, such payments to be made on or before the 30th day of each month commencing with the month of November, 1972 and each successive month thereafter until paid in full, said payments to include interest at the rate of 8% per annum pursuant to the agreement of August, 1971; NOW, THEREFORE, in consideration of the receipt of the aforesaid $5,500.00 and the mutual promises and other good and valuable consideration, the aforementioned controversy and cause of action in the Circuit Court of Multnomah County will be dismissed without costs to either party and all matters pertaining to the payment provisions of the August, 1971 agreement are compromised as set forth above.

"DATED this —— day of October, 1972.

" /s/ Dennis H. Henninger
DENNIS H. HENNINGER, Of
Attorneys for LAWRENCE BERNARD

" /s/ Lawrence Bernard
LAWRENCE BERNARD

" /s/ Jack H. Cairns
JACK H. CAIRNS, Attorney
for DURELL R. SMITH

" /s/ Durell R. Smith
DURELL R. SMITH"

At about the time when the Smith-Bernard action was commenced, Guernsey, the intervenor in the

present action, brought an action against Smith on the promissory note of March 6, 1971. For convenience and clarity, we will refer to Guernsey's action as the Guernsey-Smith action. After the settlement of the Smith-Bernard action on the buy-sell agreement, Smith confessed judgment for $12,808.20 against himself in the Guernsey-Smith action on the promissory note.

Thereafter, on October 26, 1972, Smith, the assignor, and his wife borrowed $8,000 from plaintiffs, who are the parents of Mrs. Smith. As security for that loan, Smith executed the following assignment of the buy-sell agreement:

"26 October 1972

"Mr. & Mrs. Post:

"For valuable consideration received on 20 October 1972, I hereby assign to yourselves and your heirs or estate, all monies due to me under the contract with Doctor Lawrence Bernard; Arthur Rein; Gary C. Cooper & River City Investments, Inc. of Portland, Oregon. The above contract was dated 11 October 1972.

"Payments under this contract are to commence on 30 November 1972 and on the 30th of each month thereafter until the principle [sic] of $10,800.00, at 8% interest per annum, is paid in full. Amount of monthly payments is to be $500.00 per month.

Sincerely yours,
/s/ Durell R. Smith"

The proceeds of the loan were deposited to the account of Mrs. Smith.

Notice of the assignment was given in the following form:

"Portland, Oregon
23 October 1972

"River City Investments, Inc.
Dr. Lawrence Bernard
Arthur Rein
Gary C. Cooper
c/o Bernard Shevach
Attorney At Law
504 Executive Bldg.
Portland, Oregon

"Re Darby O'Gill's contract

"Gentlemen:

"Notice is hereby given that I have assigned all monies due to me under the above entitled contract to Mr. & Mrs. Walter Post, 235 North 35th Street, Springfield, Oregon.

"Please make all future payments due under the contract directly to Mr. & Mrs. Post.

"Thank you for your help in this matter.

Very truly yours,
/s/   Durell R. Smith
Durell R. Smith"

In the Guernsey-Smith action on the promissory note, a notice of garnishment was served on defendant Bernard who, on February 15, 1972, answered, "I owe Mr. Durell R. Smith [the assignor] $10,800.00 on a release settlement agreement executed in October 1972 [in the Smith-Bernard action on the buy-sell agreement]. Settlement of Circuit Court Case #381322 Multnomah County; three payments now due and owing." Bernard paid $5,000 to Guernsey as a result of the garnishment.

In the present action, Guernsey, as a creditor of Smith, the assignor, intervened, asking that plaintiffs, Smith's assignees, be denied recovery against Bernard on the grounds that the assignment was made without adequate consideration and to defraud creditors. All other defendants in the present action contend that they are entitled to offset the sums paid by defendant Bernard to Guernsey before the settlement of the Smith-Bernard action[①] and the sums paid by defendant Bernard to Guernsey as a result of the garnishment in the Guernsey-Smith action.

The trial court found that the promissory note was a corporate obligation. Defendants contend that the finding is contrary to ORS 73.4010 (1), which reads:

> "No person is liable on an instrument unless his signature appears thereon.
> "* * * * *."

■ The finding has the effect of a holding that the $3,375 paid to Guernsey by the defendant Bernard on the note was also paid as an obligation to the assignor Smith in saving him harmless from corporate liability. The requirement to hold harmless is contained in subparagraph (4)(e) of the agreement on which this action is brought.

Whether the corporation could be required to pay the note is not the controlling factor. What is significant is the manner in which all of the parties to the contract now in issue treated the note. As we observed, the proceeds of the March 1971 loan were

---

[①] These sums would be represented by Bernard's payments to Guernsey as guarantor of the promissory note on which Smith and Cooper defaulted. Between February and September of 1972 Bernard paid a total of $3,375 to Guernsey.

used for corporate purposes after being placed in River City Investments, Inc.'s corporate bank account. All persons who signed the promissory note of March 1971 plus the corporation and its new shareholder, Arthur H. Rein, were parties to the buy-sell agreement of August 1971. The finding on that issue is decisive of the $3,375 claimed setoff although the trial court further found that the release agreement signed by Bernard and Smith in the Smith-Bernard action would also preclude the setoff. Both findings are supported by substantial evidence. Defendants' position is that the release agreement was not intended to be a general release by Bernard but limited to "all matters pertaining to the payment provisions of the August 1971 agreement." They contend that the payments to Guernsey were made on an obligation other than the August 1971 agreement and therefore not within the terms of the release. Failure to claim a setoff at the time of the agreement led to the promise by Bernard to pay $10,800. The court treated the language of the release agreement as a release of the claim to a setoff and additionally noted that the facts would support an estoppel. As was pointed out earlier, when defendant Bernard acknowledged that the sum of $10,800 was still to become due on the buy-sell agreement, the plaintiffs' assignor, Smith, confessed judgment in favor of Guernsey in the Guernsey-Smith action. The plaintiffs had no way of knowing that the $10,800 figure in the release was anything but the accurate figure showing the sum remaining unpaid.

■ The defendants assign as error the trial court's finding that there was sufficient consideration for the assignment. In *Levins v. Stark,* 57 Or 189, 110 P 980 (1910), it is said:

"But in *Gregoire v. Rourke,* 28 Or. 275, 277 (42

Pac. 996), this court committed itself to the doctrine that, if the assignment is actually made, the defendant cannot question it upon the ground that there was no consideration, and that the assignee is authorized to sue thereon if the title to the chose passed." 57 Or at 191-92.

The defendants also challenge the trial court's finding that the assignment was not a transfer in fraud of creditors. As we noted earlier, the plaintiffs are the parents of the assignor's wife, Donna L. Smith. The plaintiffs' evidence was that they would have loaned the $8,000 to their daughter and son-in-law, Smith, without security and, as a matter of fact, had drawn a check payable to their daughter before they learned that their son-in-law, Smith, would assign the contract as security. The proceeds of the loan were ultimately deposited in Donna's checking account and used as a down payment on a home. It was expected that the payments from the contract would pay off the loan. Defendants' argument that the evidence shows a number of badges of fraud all goes to the issue of fact which the trial court resolved against them. There is substantial evidence that the plaintiffs received the assignment for a valuable consideration paid before notice of any alleged bad intent on the part of the assignor. *Orsen et ux v. Siegle et al,* 170 Or 153, 132 P2d 409 (1942).

■ The trial court gave judgment for the total due on the buy-sell agreement even though the assignees paid only $8,000. Defendants contend that it was error for the court to allow judgment for any sum larger than the balance due from the assignor to plaintiffs, which at the time of trial was less than the $8,000. The trial court treated the assignment as absolute, which it is on its face. No agreement was reached between the

plaintiffs and the assignor as to what will happen to any sum in excess of the sum paid by the plaintiffs at the time of the assignment. Given the uncertainty of the evidence, other than the writings, we find the trial court's conclusion is without error.

■ Finally, defendants contend that the release of October 1972 entered into by assignor Smith and defendant Bernard superseded the attorney's fee provision in the contract by compromising "all matters pertaining to the payment provisions" of the August 1971 agreement. They argue that the attorney's fees would be a "matter" pertaining to the payment provision and contend that it was error for the court to make such an award.

The writing set out above and labeled "Release" is subject to much interpretation. A compromise of "all matters pertaining to the payment provisions of the August, 1971 agreement" is not inconsistent with the survival of the requirement to pay attorney's fees on nonpayment.

Affirmed.