Argued and submitted May 7, 2014, Spray High School, Spray; judgment of conviction for robbery in the third degree reversed, remanded for resentencing, otherwise affirmed March 25, 2015

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANTHONY GEORGE BARTLETT,
*Defendant-Appellant.*

### Marion County Circuit Court
11C50869; A150935

346 P3d 1240

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Matthew J. Lysne, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant was convicted of third-degree robbery, ORS 164.395, and theft of services, ORS 164.125, after he scuffled with a taxi driver while fleeing from a cab without paying. Defendant appeals the judgment, challenging his conviction for third-degree robbery but not theft of services. He assigns error to the trial court's denial of his demurrer and the court's denial of his motion for judgment of acquittal (MJOA), arguing that, although he may have stolen services from the driver, he did not steal property, as required by ORS 164.395.[1] The state argues that defendant did steal property, because the "benefit of a service" is a chose-in-action and a chose-in-action is property. We agree with defendant that the trial court erred in denying his MJOA. Accordingly, we reverse that conviction; otherwise we affirm.

We begin with defendant's second assignment of error—that the trial court erred when it denied his MJOA. Our resolution of that issue obviates the need to consider defendant's challenge to the denial of his demurrer. We review a trial court's denial of an MJOA to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the state proved all the essential elements of the offense beyond a reasonable doubt. *State v. Kaylor*, 252 Or App 688, 691, 289 P3d 290 (2012).

The facts are undisputed. After taking a ride in a taxi cab, defendant refused to tender money—offering instead to trade food for the ride—then scuffled with the driver before fleeing without paying. The state charged defendant by indictment. Count 1 of the indictment, alleging robbery in the third degree, stated:

"The defendant, on or about December 4, 2011, in Marion County, Oregon, did unlawfully and knowingly,

---

[1] ORS 164.395(1) provides, in part:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking[.]"

while in the course of committing or attempting to commit theft of services, and with the intent of preventing or overcoming resistance to defendant's theft of services or retention of the benefit of that theft of services immediately after the taking, use or threaten the immediate use of physical force upon [the driver]."

Defendant filed a demurrer, arguing that a taxi ride is not property and therefore the indictment did not state any offense, including the crime of third-degree robbery. As relevant here, the state argued in response that the definition of property as it applies to the robbery statute[2] is "expansive" and, moreover, a "fee for a service owed" is "evidence of a debt," and therefore property. The court denied defendant's demurrer stating, "as set forth in the state's response to the demurrer, I find that the definition of 'property' is sufficiently expansive to encompass the services of a taxi (vehicle and driver) which are customarily provided in exchange for a fee." At the close of the state's case, defendant moved for a judgment of acquittal, arguing, first, that defendant used physical force only after the taking, not in the course of taking, and, second, that services are not property that can be taken in the course of a robbery. The state argued in response that the benefit of a taxi ride is "being transported from A to B without having to pay" and that that benefit was property that defendant used force to take or retain. The court agreed with the state's reasoning and denied defendant's MJOA.

On appeal, defendant renews his argument that a taxi ride is a service, not property, and therefore the state presented legally insufficient evidence to support a guilty verdict for the crime of third-degree robbery, which requires the taking of property. For the purpose of this case, the state agrees, on appeal, that a service is not property. However, the state argues that the "benefit of theft of services" is "property." The state explains that such a distinction is meaningful because the benefit of a service is the right to payment, and "[t]he right to payment *** is a 'chose-in-action,'" and

---

[2] ORS 164.005(5) provides:

"'Property' means any article, substance or thing of value, including, but not limited to, money, tangible and intangible personal property, real property, choses-in-action, evidence of debt or of contract."

a chose-in-action is a type of property. *See* ORS 164.005(5) (defining property, in part, as "choses-in-action"). We disagree.

Black's Law Dictionary defines "chose in action" as follows:

> "**1.** A property right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damage in tort. **2.** The right to bring an action to recover a debt, money, a thing. **3.** Personal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit.—Also termed a *thing in action*."

*Black's Law Dictionary* 275 (9th ed 2009) (boldface and emphasis in original).

Thus, a chose in action is a claim to a thing—such as relevant here, payment for services rendered—that can be enforced only by court action. *See, e.g., State v. Tausher*, 227 Or 1, 360 P2d 764 (1961) (discussing the difference between tangible choses in action and intangible choses in action and concluding that, under the statute at issue, defendant could not be convicted of embezzling an intangible chose in action because it was not capable of being possessed); *Gregoire v. Rourke*, 28 Or 275, 42 P 996 (1895) (assignee of a chose in action may bring the action in court under his own name as the party in interest). When he fled without paying for his taxi ride, defendant did not take from anyone the right to bring a claim in court to enforce payment for the taxi ride, nor do we see how defendant could have accomplished that despite the state's artful attempts to persuade us otherwise. Consequently, defendant did not take the driver's chose in action, and the court erred when it denied defendant's MJOA on the charge of third-degree robbery, because that offense requires the taking of property.

Judgment of conviction for robbery in the third degree reversed; remanded for resentencing; otherwise affirmed.